**Gary H. SILVERBERG, Carol B. Silverberg, Plaintiffs-Appellants,**

v.

**THOMSON McKINNON SECURITIES, INC.; Michael Morton, Defendants-Appellees.**

**No. 85–3349.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 28, 1986.

Decided April 10, 1986.

Bruce Tyler Wick (argued), Cleveland, Ohio, for plaintiffs-appellants.

Ron Tonidandel (argued), Spieth, Bell, McCurdy, & Newell, Cleveland, Ohio, for defendants-appellees.

Before JONES and WELLFORD, Circuit Judges, and GILMORE, District Judge.*

* Honorable Horace W. Gilmore, United States District Court for the Eastern District of Michi-

WELLFORD, Circuit Judge.

Plaintiffs Gary and Carol Silverberg appeal from a memorandum opinion and order of the district court granting judgment in favor of defendants Thomson McKinnon Securities, Inc. (Thomson) and its employee, Michael Morton. Plaintiffs alleged that the defendants fraudulently induced them to speculate in the options market and then mishandled their accounts. Plaintiffs appeal from the dismissal of their claims under the Securities Exchange Act of 1934 (Exchange Act) and the Racketeer Influenced and Corrupt Organizations Act (RICO).

Defendant Thomson employed defendant Morton as a broker representative. Morton served as the plaintiffs' account executive for various stock and stock option transactions. Plaintiffs allege that they lacked experience and were induced to invest in speculative stock options by Morton, who allegedly told them that options trading presented minimal risks. Upon his advice, plaintiffs sold 600 shares of Bally Manufacturing stock which they held as custodians for their son under the Ohio Uniform Gifts to Minors Act, and used the proceeds to speculate in the options market. Plaintiffs, as a result, allegedly experienced a net loss of $15,850, or approximately 88 percent of the capital involved. In addition, plaintiffs alleged receipt of inaccurate and incomplete information from the defendants, thus preventing them from minimizing their losses. Finally, plaintiffs claimed that Morton converted sixteen shares of Ashland Oil stock owned by them to his own use. These events occurred from May 1978 through January 1979.

After initially filing complaints against the defendants with the Securities and Exchange Commission and the Chicago Board of Options, on January 16, 1980, plaintiffs filed a complaint against defendants in the Cuyahoga County, Ohio, Court of Common Pleas. The amended complaint in the state court action alleged causes of action based

gan, sitting by designation.

on fraud and deceit, failure to advise, breach of fiduciary duty, negligent record-keeping and willful concealment of records, conversion, violations of certain rules of the National Association of Securities Dealers, the Chicago Board of Options Exchange, the American Stock Exchange, and the New York Stock Exchange, and violations of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q, § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 thereunder.

The Cuyahoga County Court of Common Pleas dismissed the action without opinion some four years later, and the Silverbergs appealed. The Ohio Court of Appeals later reversed in part, affirmed in part, and then remanded the case for consideration of the plaintiffs' common law claims (fraud and deceit, negligent mismanagement and concealment of records, breach of fiduciary duty, and conversion). The Ohio appellate court concluded that the plaintiffs' claim based on a failure to advise and on violation of exchange rules, dealers' association rules, and § 17(a) of the Securities Act of 1933 failed to state a claim in Ohio state court upon which relief could be granted. It also affirmed the dismissal of the Silverbergs' claims under § 10(b) of the Securities Exchange Act of 1934 for lack of jurisdiction. The Ohio Court of Appeals also noted in response to plaintiffs' arguments made for the first time on appeal that the Silverbergs' complaint did not contain any count alleging violations of RICO, 18 U.S.C. §§ 1961–1968, and concluded that the lower court had not dismissed any claim under that statute which was susceptible to appellate review.

While plaintiffs' appeal was pending in state court, they commenced this action in federal court by filing a complaint on March 23, 1984. District Court Judge Aldrich noted that

[c]omparison of the complaint in the state court action with the complaint in this action reveals that they raised nearly identical claims in the first seven counts. In count eight, the Silverbergs

add a claim under RICO which was not presented to the state court.

(Footnote omitted). On March 27, 1985, the district court granted defendants' motion for summary judgment.

## I.

Plaintiffs' first argument on appeal is that the district court improperly held that their claim under the Exchange Act was barred by the statute of limitations. That act does not itself provide a period of limitations under § 10(b) of the Exchange Act, but the district court looked instead to the state statute of limitations applicable to the most closely analogous Ohio cause of action:

Many courts which have considered this question have concluded that the state cause of action most analogous to § 10(b) claims is one for fraud. *See, i.e., McNeal [v. Paine, Webber, Jackson & Curtis*, 598 F.2d 888 (5th Cir.1979)] at 893 (Georgia's general fraud statute most analogous).

The brokers suggest that the most analogous state statutes are either Ohio Rev.Code § 1707.28 (Ohio's blue sky law) which carries a three year statute of limitations, or Ohio Rev.Code § 2305.-09(C), Ohio's four year statute of limitations for torts involving fraud. Some courts have applied the blue sky law of a state. *See Pierson v. Dean, Witter Reynolds, Inc.*, 551 F.Supp. 497 (N.D.Ill. 1982); *Tomera v. Galt*, 511 F.2d 504 (7th Cir.1975) (Illinois blue sky law applied. Under either statute of limitations, the Silverbergs' claims are time-barred. This action, commenced March 24, 1984, was filed more than five years after the wrongful acts alleged in their complaint.[2]

The Silverbergs argue that the statute of limitations in Ohio Rev.Code 2305.07, applicable to cause of action created by statute, should govern. It carries a six year statute of limitations. This argument was long ago rejected. This precise issue was considered in a suit filed in this district pursuant to the Securities Exchange Act of 1934. [Quotation omitted.] ... *Connelly v. Balkwill*, 174

F.Supp. 49, 63–64 (N.D.Ohio 1959), *aff'd*, [279] 174 F.2d [685] 686 (6th Cir.1960). Having inspected the three Ohio statutes in issue, this Court concludes that Ohio Rev.Code § 2305.09 is most analogous and contains the appropriate statute of limitations.

2 Construing in a manner most favorable to the Silverbergs, the latest available date in their complaint is April 30, 1979, the date on which the allegedly converted shares of Ashland Oil were finally returned.

The plaintiffs argue that it was error to refuse to apply Ohio's six-year limitations period for liabilities created by statute, Ohio Rev.Code Ann. § 2305.07 (Page 1981).

With respect to the choice of the appropriate Ohio statute of limitations in § 10(b) cases, the law in this circuit is settled. In *Nickels v. Koehler Management Corp.*, 541 F.2d 611 (6th Cir.1976) (McCree, J.), *cert. denied*, 429 U.S. 1074, 97 S.Ct. 813, 50 L.Ed.2d 792 (1977), this court held, in an extensive opinion, that the four-year limitations period provided under Ohio law for fraud claims, Ohio Rev.Code Ann. § 2305.-09(C) (Page 1981), would govern in § 10(b) actions. The decision rejected Ohio's two-year blue sky period of limitation and cited with approval a prior decision, *Connelly v. Balkwill*, 174 F.Supp. 49, 63–64 (N.D.Ohio 1959), *aff'd*, 279 F.2d 685 (6th Cir.1960) (per curiam), which had specifically rejected Ohio's six-year limitations period for liabilities created by statute, Ohio Rev.Code Ann. § 2305.07, now pressed as appropriate by plaintiffs.

Plaintiffs' argument in support of the application of a longer statute of limitations is based primarily on Ohio court rulings. Plaintiffs' contentions are without merit in this regard, because determining the statute of appropriate limitations for a federal cause of action is clearly a question of federal law, controlled by federal precedent. *See Wilson v. Garcia*, —— U.S. ——,

1. This statute provides in pertinent part:
   The district courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and

105 S.Ct. 1938, 1942–44, 85 L.Ed.2d 254 (1985) (holding federal courts not bound by New Mexico court ruling concerning state statute of limitations applicable to 42 U.S.C. § 1983 actions).

Plaintiffs' next contention, that Ohio's saving statute should have been applied by the district court, is equally unpersuasive. As the district court noted, federal securities law expressly and unambiguously vests exclusive jurisdiction of a § 10(b) claim in federal district courts. 15 U.S.C. § 78aa.[1] Plaintiffs cite no authority for the proposition that, where periods of limitations for federal law claims are borrowed from state law, federal courts are bound to follow state savings statutes as well. Generally, federal courts hold that where periods of limitation are so provided by state law, federal law, not state law, governs such matters as accrual of causes of action and tolling. *See, e.g., Gaudin v. KDI Corp.*, 576 F.2d 708 (6th Cir.1978) (accrual); *Biggans v. Bache Halsey Stuart Shields, Inc.*, 638 F.2d 605 (3d Cir.1980) (accrual and tolling); *ITT v. Cornfeld*, 619 F.2d 909 (2d Cir.1980) (accrual). We agree with the district court that, under federal law, commencement of an action in a clearly inappropriate forum does not equitably toll the statute of limitations. *See Chambliss v. Coca-Cola Bottling Corp.*, 274 F.Supp. 401, 408–11 (E.D.Tenn.1967) (prior action which failed for lack of *in personam* jurisdiction does not toll federal securities limitation period), *aff'd*, 414 F.2d 256, 257 (6th Cir.1969); *Lillibridge v. Riley*, 316 F.2d 232 (5th Cir.1963).

## II.

Plaintiffs also appeal the dismissal of their RICO claim. The district court held that plaintiffs' RICO claim was barred by claim preclusion because they failed to allege a cause of action under RICO in their

regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.
15 U.S.C. § 78aa.

prior state court suit and, alternatively, by their failure to plead with specificity the necessary predicate acts for a RICO claim. Because we hold that plaintiffs' RICO claim was barred by the statute of limitations, we do not reach the grounds relied upon by the district court.

Where, as with RICO, "Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985) (footnote omitted). In *Wilson*, which dealt with 42 U.S.C. § 1983, the Supreme Court set forth the steps to follow in deciding what statute of limitations should govern a federal cause of action for which no express limitations period is provided. We first must decide whether one limitations period should apply to all RICO actions or whether differents period should apply depending on the underlying facts and circumstances of the case as to the nature of the claim. 105 S.Ct. at 1944–47. Next, we must determine what state limitations period applies to the kind of action the court has found RICO to be. Finally, the court must determine whether that limitation period is consistent with the policies of RICO and, if not, what limitations period better serves those policies. *Id.* at 1949; *see also DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 161–72, 103 S.Ct. 2281, 2289–94, 76 L.Ed.2d 476 (1983).

▮ In *Wilson v. Garcia*, the Supreme Court held that state limitations periods should be selected in § 1983 cases by making a generic characterization of the federal cause of action and applying on a uniform basis the state limitations period applicable to the most generally analogous state cause of action. 105 S.Ct. at 1944–47. The Court's decision rested heavily on the fact that 42 U.S.C. § 1983 provided "a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution

and laws of the Nation," *id.* at 1945 (quoting *Mitchum v. Foster*, 407 U.S. 225, 235, 92 S.Ct. 2151, 2158, 32 L.Ed.2d 705 (1972)), and because it "is, in all events, 'supplementary to any remedy any State might have,' *McNeese v. Board of Education*, 373 U.S. 668, ·672, 83 S.Ct. 1433, 1435, 10 L.Ed.2d 622 (1963), it can have no precise counterpart in state law," *id.* The federal RICO statute is not such a "uniquely federal remedy" as § 1983, and we hold that, as with most federal causes of action without incorporated periods of limitations, the selection of the applicable state limitations period in the individual case should be made on the basis of a characterization of the kind of factual circumstances and legal theories presented. *See* Aronchick, *Statutes of Limitations in Civil RICO Actions*, 3 RICO L.Rep. 174, 175 (1986) ("Most of the reported decisions ... reflect an ad hoc approach ....."). In rejecting generic characterization, we note that Congress specifically considered and rejected the enactment of a limitations period for civil RICO actions, thus declining to adopt a uniform limitations period for all RICO claims. *See State Farm Fire and Casualty Co. v. Estate of Caton*, 540 F.Supp. 673, 684 (N.D.Ind.1982).

We have little difficulty in characterizing the plaintiffs' RICO claim, based on the facts alleged and the legal theories asserted, as a cause of action most closely analogous to a state common law fraud action. Although proof of plaintiff's claim may require proof of certain elements beyond those required to establish common law fraud, no closer analogy is available under Ohio law. In *Steven Operating, Inc. v. Home State Savings*, 105 F.R.D. 7, 10–12 (S.D.Ohio 1984) (Rice, J.), another Ohio district court reached the same conclusion, similarly rejecting analogies to liabilities created by statute [2] and statutes imposing a penalty or forfeiture.

▮ Thus, we hold that the four-year statute of limitations for fraud, Ohio Rev. Code § 2305.09(C) (Page 1981), provides the

---

**2.** *See Wilson v. Garcia*, 105 S.Ct. at 1948–49,

1940–41 (rejecting similar period of limitations).

applicable limitations period in this case. Further, we find that application of this limitations period is not in any way inconsistent with the underlying policies or remedial purposes of RICO. Arising on essentially the same factual allegations as plaintiffs' securities fraud claim, which was held time-barred under a four-year limitations period, plaintiffs' RICO claim is also barred by the statute of limitations.

The judgment of the district court is AFFIRMED.