Richard LUND, Frank Audette, Peggy Audette, Paul John, Nancy John, Peggy Hubert, James K. Campbell, Virginia Campbell, Jeffrey Campbell, Plaintiffs–Appellants,

v.

SHEARSON/LEHMAN/AMERICAN EXPRESS, INC., and Gary Morgan, Defendants–Appellees.

No. 87–1920.

United States Court of Appeals, Sixth Circuit.

Submitted May 13, 1988.
Decided July 20, 1988.

Stephen Wasinger, Norman Ankers, Honigman, Miller, Schwartz, and Cohn, Detroit, Mich., for plaintiffs-appellants.

Bradley Schram, Gary Saretsky, Hertz & Schram, Bloomfield Hills, Mich., for defendants-appellees.

Before WELLFORD and BOGGS, Circuit Judges, and EDWARDS, Senior Circuit Judge.

WELLFORD, Circuit Judge.

In this case plaintiffs' civil RICO action was dismissed as untimely by the district court, which relied on the decision in *Agency Holding Corp. v. Malley–Duff & Associates, Inc.,* — U.S. —, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). The plaintiffs claim it was error to retroactively apply that decision, which imposes a uniform federal statutory period of four years to civil RICO actions. For the reasons set out below, we affirm the district court's dismissal.

The plaintiffs filed the present action in district court on December 10, 1985. Their complaint alleged racketeering injuries occurring between 1977 and 1981, caused by the defendants' alleged practice of misrepresenting securities sold to plaintiffs, and by secretly charging substantial commissions for each transaction.[1] Shortly after the complaint was filed, the defendants moved to dismiss based on untimeliness, but the district court denied the motion. After the Supreme Court announced its *Agency Holding* opinion in July 1987, the defendants once again moved to dismiss the complaint, this time successfully.

*Agency Holding* mandated application of the four-year period set out in the Clayton Act, 15 U.S.C. § 15(b), to the civil RICO action in that case. If it applies here, then plaintiffs' claim is clearly too late. Because *Agency Holding* does not specify that it applies to other pending claims, the district court applied the tests set out in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and decided that the rule of *Agency Holding* should be applied retroactively. The principal reason for the court's decision was that the rule announced did not represent a "clear break" from past precedent. The court was also persuaded by the fact that there was no clear statute of limitations period for RICO actions established in the Sixth Circuit at the time plaintiffs filed their action.

In addressing a challenge to a rule's retrospective application, we begin with the assumption that the rule of law in force at the time a decision is rendered is the law to be applied. This general rule springs from the courts' desire to apply the same rules to all cases wherever possible. *Goodman v. Lukens Steel Co.,* — U.S. —, 107 S.Ct. 2617, 2621, 96 L.Ed.2d 572 (1987); *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local 100,* 698 F.2d 250, 254 (6th Cir.), *cert. denied sub nom. Leach v. U.S. Postal Service,* 464 U.S. 814, 78 L.Ed.2d 83 (1983). As recognized in *Chevron Oil,* however, an exception is made when a rule of law represents a "clear break" from past precedent, and when other equitable standards are met. We must therefore decide whether the *Agency Holding* decision fits this exception.

The first and most important requirement of *Chevron Oil* is that the new pronouncement of a legal principle to be applied must be a "clear break" with past precedent or with what is recognized as settled authority. 404 U.S. 106–07, 92 S.Ct. at 355. If this threshold requirement is not shown, the rule will be applied retrospectively without further consideration. *United States v. Johnson,* 457 U.S. 537, 550 n. 12, 102 S.Ct. 2579, 2587 n. 12, 73 L.Ed.2d 202 (1982); *Carter v. City of Chattanooga,* 850 F.2d 1119 (6th Cir.1988) (en banc). If this first hurdle is overcome, the party arguing against retroactive application must also show the rule's purposes will not be equitably served by its application to

---

1. A related claim alleging securities fraud was filed in 1982.

past cases, and that its use will produce substantial unfairness. *Chevron Oil*, 404 U.S. at 106–07, 92 S.Ct. at 355. We construe this exception to retroactivity narrowly because "we do not think a 'clear break' occurs every time the Supreme Court clarifies the law by resolving an issue on which there is circuit conflict and confusion." *Lawson*, 698 F.2d at 254.

Our first inquiry, then, is whether *Agency Holding* is a clear break from previous precedent. If a decision (1) overrules a prior Supreme Court precedent; (2) goes contrary to a clear implication from its earlier decision; or (3) contradicts the uniform practice of the circuit courts, it is reasonable to find that the initial prong of *Chevron Oil* has been met. *United States v. Johnson*, 457 U.S. 537, 551, 102 S.Ct. 2597, 2588, 73 L.Ed.2d 202 (1982). Applying these guidelines, we do not believe *Agency Holding* represents a clear break from past precedent.

*Agency Holding* clearly does not meet the first *Johnson* criterion. Before its publication, the Supreme Court had never addressed the issue of the application of statute of limitations to civil RICO actions. If the appellants are to succeed, they must therefore show a departure from settled precedent in this circuit or from other circuits generally, or a change from prior analogous decisions by the Supreme Court.

As *Agency Holding* notes, no court previously had applied a federal statute of limitations; instead, a state statutory period had been borrowed. 107 S.Ct. at 2763. This, in turn, involved application of different time periods in different jurisdictions. This practice can be traced to *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), a § 1983 case in which the Court stated the overriding interests in uniformity would be best served by applying a single kind of state limitations period to all claims brought under § 1983 instead of examining the particular circumstances of such a claim to see which state limitations period seemed most analogous.

Many, but not all, courts took *Wilson* as guidance in RICO actions, and applied a single state statutory period for all actions brought under that statute. *See Malley–Duff & Associates Inc. v. Crown Life Ins. Co.*, 792 F.2d 341 (3d Cir.1986), *aff'd on other grounds sub. nom. Agency Holding v. Malley–Duff & Associates*, —— U.S. ——, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987); *Tellis v. United States Fidelity & Guaranty Co.*, 805 F.2d 741 (7th Cir.1986); *Compton v. Ide*, 732 F.2d 1429 (9th Cir. 1984). We did not apply the *Wilson* rule to civil RICO actions but instead applied the limitations period applicable to the underlying predicate acts. *Silverberg v. Thompson McKinnon Securities, Inc.*, 787 F.2d 1079, 1083 (6th Cir.1986). Thus, while *Agency Holding* represents a change in the sense that a unified *federal* statute of limitations was applied for the first time, it is clear that opinions of the federal appellate courts were not unanimous in their approach to the statute of limitations issue. The fact that the circuits came to different conclusions about *Wilson*'s applicability to RICO claims militates against a finding that *Agency Holding* evinces a break from a clear or developing trend. We believe this prevents us from finding that the second prong of *Johnson* is met.

This lack of unity also persuades us that the third *Johnson* prong is not met. While most appellate decisions, following *Wilson*, held a uniform statutory period was appropriate for all civil RICO actions brought within a state, *see Tellis*, 805 F.2d at 843–44, this court followed what we considered the general rule that the statute of limitations applied should depend on the circumstances alleged in each case. *Silverberg*, 787 F.2d at 1083. Plaintiffs here had no clear basis or guide on which to rely in filing their action following the alleged wrongful activity of defendants.

Because we find no clear break within the meaning of *Johnson*, we agree with the district court that the rule in *Agency Holding* should be applied retrospectively. *See Davis v. A.G. Edwards and Sons, Inc.*, 823 F.2d 105 (5th Cir.1987); *Grasty v. Amalgamated Clothing and Textile Workers Union*, 828 F.2d 123 (3d Cir.1987).

Even if we were to construe *Agency Holding* as a clear break from past prece-

dent as defined in *Johnson*, however, the appellants are unable to show an inequitable result due to its application to their case. In applying the *Chevron Oil* analysis, we are mindful of the substantial period during which the plaintiffs sat on their claim without instituting any action. During this period, before 1985, there was no Sixth Circuit case addressing the statute of limitations issue. *Silverberg*, which appellants seek to have applied here, was not decided until *after* their suit was filed in the district court. Plaintiffs simply cannot show justifiable reliance on the rule of *Silverberg*, or of any established precedent in this circuit, giving them more than four years to act on a RICO cause of action. *Goodman v. Lukens Steel Corp.*, —— U.S. ——, 107 S.Ct. 2617, 2622, 96 L.Ed.2d 572 (1987); *McSurely v. Hutchison*, 823 F.2d 1002, 1006 (6th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1107, 99 L.Ed.2d 269 (1988).

We therefore AFFIRM the decision of the district court for defendants.