937 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy Doyle HINDMAN, Plaintiff-Appellant,
v.
David CASTLEBERRY, a formal agent of the F.B.I., Bobby
Harden, a formal F.B.I. paid informant, Dixie (Harden)
Snyder, a formal F.B.I. paid informant, Allen Brannum, a
Soddy-Daisy, Tennessee police officer, the Office of the
Soddy-Daisy, Tennessee Police Department, Doug Everrett, a
former Soddy-Daisy, Tennessee Police Officer, Scott Martin,
a hired informant of Soddy-Daisy Tennessee Police
Department, Chuck Gaston, a former Chattanooga, Tennessee
city police officer, the Office of District Attorney of
Hamilton County, Tennessee, Garry Gerbitz, District Attorney
General of Hamilton County, Tennessee, Frank Groves, a
Hamilton County District Attorney, Ted Milburn, a former
United States District Judge at Chattanooga, Tennessee,
Arthur G. Richards, a F.B.I. agent, Flo Davis, a F.B.I.
agent, William Webster, a former director of the office of
F.B.I., Office of Federal Bureau of Investigation
Headquarters, Washington, D.C., Harold Bender, a former
Assistant United States District Attorney, Jerry Miller, a
Assistant United States District Attorney, Woodrow W. Jones,
a United States District Judge at Asheville, N.C., Frank
Winn, a District Attorney General for Douglas County,
Georgia, David McDade, a Assistant District Attorney for
Douglas County, Georgia, Earl Lee, Sheriff of Douglas
County, Georgia, Barry Robins, a former government witness
of Douglasville, Georgia, the Office of Governor for the
State of Georgia, George Busbee, a former Governor of
Georgia, Defendants-Appellees.
 No. 91-5003.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1991.
 
 1
 Before KEITH, Circuit Judge, WELLFORD, Senior Circuit Judge, and GADOLA, District Judge.*
 
 ORDER
 
 2
 Jimmy Doyle Hindman is a pro se Tennessee prisoner who appeals the district court's dismissal of a civil RICO action that he had filed under 18 U.S.C. Sec. 1964. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Hindman alleged that the defendants committed illegal acts which led to his indictment for bank robbery. The gravamen of his claim is that law enforcement officials knowingly used perjured informant testimony to secure his indictment. On November 9, 1990, the district court entered an order that dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d). It is from this judgment that Hindman now appeals.
 
 
 4
 An indigent plaintiff who states an arguable claim is entitled to service of process, even when it appears that he ultimately may not be entitled to relief. Neitzke v. Williams, 490 U.S. 319, 329-30 (1989). However, a complaint may be dismissed as frivolous if it relies on a legal interest which clearly does not exist or on a factual scenario that is fantastic or delusional. Id. at 327-28. Thus, a complaint may be dismissed under 28 U.S.C. Sec. 1915(d) without service of process if it "lacks an arguable basis either in law or in fact." Id. at 325.
 
 
 5
 Dismissal was appropriate in the instant case because only two of the overt acts alleged in Hindman's complaint took place within the permissible statute of limitations. See Lund v. Shearson/Lehman/American Express, Inc., 852 F.2d 182, 184-85 (6th Cir.1988). Each of these acts involved no more than mailing copies of Hindman's indictment and detainer from Georgia to Tennessee. Contrary to Hindman's assertion, this conduct did not, even arguably, constitute the kind of racketeering activity that is required by the RICO statutes. Thus, dismissal of Hindman's complaint was proper because any claim that he may have had under 18 U.S.C. Sec. 1964 was barred by the statute of limitations.
 
 
 6
 The district court's judgment may be affirmed on other grounds as well. In order to state a claim under Sec. 1964, a plaintiff must allege injury to his business or property as well as a violation of the substantive RICO statute. Hindman's alleged injury is limited to the money that he spent on lawyers and private investigators and $20 that he allegedly paid to a government informant. However, Hindman cannot state an arguable claim for damages that he voluntarily incurred. See Fleischhauer v. Feltner, 879 F.2d 1290, 1300 (6th Cir.1989), cert. denied, 110 S.Ct. 1122, 1473 (1990).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul V. Gadola, U.S. District Judge for the Eastern District of Michigan, sitting by designation