**FEDERAL EXPRESS
CORPORATION,**
Plaintiff,

v.

**UNITED STATES POSTAL SERVICE,
FCB/Leber Katz Partners Inc., True
North Communications, Inc., and
Young & Rubicam, Inc., Defendants.**

**No. 96–3151 D/A.**

United States District Court,
W.D. Tennessee,
Western Division.

Nov. 22, 1999.

R. Larry Brown, Lester A. Bishop, Jr., Federal Express Corporation, Legal Department, Memphis, TN, Dwayne S. Byrd, Federal Express Corporation, Legal Department, Memphis, TN, for Federal Express Corporation, plaintiff.

Joe A. Dycus, U.S. Attorney's Office, Memphis, TN, for United States Postal Service, defendant.

Charles F. Morrow, Garrison Morris & Haight, Memphis, TN, Lawrence I. Weinstein, Kevin J. Perra, Brendan J. O'Rourke, Dana L. Dorgan, Proskauer Rose, LLP, New York City, for FCB/Leber Katz Partners, Inc., True North Communications, Inc., defendants.

Jef Feibelman, Douglas F. Halijan, Burch Porter & Johnson, Memphis, TN, for Young & Rubicam Inc., defendant.

Joe A. Dycus, U.S. Attorney's Office, Memphis, TN, for United States Postal Service, counter-claimant.

R. Larry Brown, Lester A. Bishop, Jr., Federal Express Corporation, Legal Department, Memphis, TN, Dwayne S. Byrd, Federal Express Corporation, Legal Department, Memphis, TN, for Federal Express Corporation, counter-defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

DONALD, District Judge.

Before the court are two motions to dismiss the plaintiff's, Federal Express Corporation (hereinafter "FedEx"), first amended complaint, one filed by the defendants, Foote, Cone & Belding (apparently incorrectly sued as FCB/Leber Katz Partners, Inc., hereinafter "FCB") and FCB's parent, True North Communications, Inc. (hereinafter "True North"), and the other filed by the defendant, Young & Rubicam, Inc. (hereinafter "Y & R"), pursuant to Fed.R.Civ.P. 12(b)(6). The grounds raised by the defendants are statute of limitations and the doctrine of laches.

### *BACKGROUND*

On November 6, 1996, FedEx filed its initial complaint in this matter, naming the United States Postal Service as the sole defendant, alleging violation of 15 U.S.C. § 1125(a) (part of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*). No other defendants were named at that time.

On May 5, 1999, FedEx filed its First Amended Complaint, adding the defendants, FCB, True North, and Y & R, alleging: 1) false advertising and unfair

competition in violation of 15 U.S.C. § 1125(a) and 2) unfair or deceptive business practices in violation of T.C.A. §§ 47–18–101 et seq. and the common law of the State of Tennessee. FedEx requested declaratory, equitable, and compensatory relief, to include attorneys' fees. All of the new defendants, FCB, True North, and Y & R, filed their motions to dismiss alleging the same grounds: 1) FedEx's claim under T.C.A. §§ 47–18–101 et seq. is barred by the one year statute of limitations and 2) FedEx's claim under 15 U.S.C. § 1125(a) is barred by the doctrine of laches. Service on the new defendants was accomplished on May 13, 1999.

### STANDARDS OF LAW

#### Fed.R.Civ.P. 12(b)(6)

A party may bring a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6).[1] The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to test the formal sufficiency of the claim and not to resolve the facts or merits of the case. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); 5A Charles Wright & Arthur R. Miller, Federal Practice and Procedure, § 1356 (West 1990). This motion only tests whether a cognizable claim has been pleaded in the complaint. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste scarce judicial resources and result in unnecessary discovery. See Neitzke v. Williams, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Generally, a motion for failure to state a claim under Fed.R.Civ.P. 12(b)(6) should be made prior to the filing of a responsive pleading. 5A Wright & Miller, Federal Practice & Procedure § 1357 (West 1990). However, later filing may be permitted. Fed.R.Civ.P. 12(h).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Neitzke v. Williams, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Lewis v. ACB Business Services, Inc., 135 F.3d 389, 405 (6th Cir.1998); Housing Opportunities Made Equal, Inc. v. Cincinnati Enquirer, Inc., A Division of Gannett Co., Inc., 943 F.2d 644, 646 (6th Cir.1991). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir.1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). What the complaint must do is provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir.1976). The complaint need not specify all the particularities of the claim. Id.[2] However, this does

---

1. The court may dismiss a complaint for failure to state a claim, sua sponte. 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (West 1990). However, the court must provide the plaintiff an opportunity to amend the complaint or respond to the notice and reasons for dismissal. Morrison v. Tomano, 755 F.2d 515, 517 (6th Cir. 1985).

2. If the complaint is merely vague or ambiguous, a motion under Fed.R.Civ.P. 12(e) for a more definite statement is the proper avenue rather than under Fed.R.Civ.P. 12(b)(6). 5A Wright & Miller, Federal Practice & Procedure § 1356 (West 1990).

not relieve the plaintiff of the obligation to allege the essential material facts of the case. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436–37 (6th Cir. 1988).[3]

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 174–75, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). Indeed, the facts, as alleged by the plaintiff, cannot be disbelieved by the court. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Murphy v. Sofamor Danek Group, Inc. (In re Sofamor Danek Group, Inc.)*, 123 F.3d 394, 400 (6th Cir.1997), *cert. denied,* 523 U.S. 1106, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039–40 (6th Cir.1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 405–06 (6th Cir.1998); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

Finally, the court will generally only consider the pleadings on a motion to dismiss for failure to state a claim. However, if the court decides to consider other materials besides the pleadings, then it will be treated as a motion for summary judgment under Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b).[4]

*The Doctrine of Laches*

The doctrine of laches is an equitable doctrine.[5] Essentially, it bars an action where there is an unreasonable delay in bringing the action such that prejudice would result to the opposing party. *Czaplicki v. the Hoegh Silvercloud,* 351 U.S. 525, 533, 76 S.Ct. 946, 100 L.Ed. 1387 (1956); *Gardner v. Panama Railroad Co.,* 342 U.S. 29, 30–31, 72 S.Ct. 12, 96 L.Ed. 31 (1951); *Bylinski v. City of Allen Park,* 169 F.3d 1001, 1003 (6th Cir.1999), *cert. denied,* —— U.S. ——, 119 S.Ct. 2396, 144 L.Ed.2d 796, 67 U.S.L.W. 3683 (1999); *Patton v. Bearden,* 8 F.3d 343, 347–48 (6th Cir.1993); 30A C.J.S., *Equity* § 129 (West 1992); 51 Am.Jur.2d, *Limitation of Actions* § 6 (Lawyers Cooperative 1970). Thus, the doctrine of laches is different from statutes of limitations in that statutes of limitation apply independent of the existence of any prejudice and apply only after a pre-determined time period has elapsed. In very rare cases, however, the doctrine of laches may be applied when the statute of limitations has not run. *Patton,* 8 F.3d at 348 (citing *Consumer Credit Union v. Hite,* 801 S.W.2d 822 (Tenn. Ct. App.1990);

---

3. All facts taken as true in the complaint must be "well-pleaded". *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 405 (6th Cir. 1998); *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir.1989). Well-pleaded facts refers to those facts which are legally capable of being proved. 71 C.J.S. *Pleading* § 426 (1951).

4. Notice of conversion of a motion to dismiss to a motion for summary judgment by the court may require notice to the losing party, depending upon the facts and circumstances of the case, to include surprise. *Salehpour v. University of Tennessee*, 159 F.3d 199, 204 (6th Cir.1998).

5. However, the doctrine of laches has been held to apply to cases which are a mixture of law and equity, such as trademark law. *See, e.g., Tandy Corporation v. Malone & Hyde, Inc.,* 769 F.2d 362, 364–65 (6th Cir.1985) (citing *Dairy Queen v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)). Other courts have held that it also applies to claims under the Lanham Act which allege unfair competition or false advertising. *See, e.g., Conopco Inc. v. Campbell Soup Co.,* 95 F.3d 187, 191 (2nd Cir.1996).

*Elvis Presley Enterprises v. Elvisly Yours, Inc.*, 936 F.2d 889 (6th Cir.1991)).

■ The doctrine of laches will generally be applied when no specific statute of limitations exists for a substantive statute. *Patton*, 8 F.3d at 348. Where the statute under which a claim is brought provides no specific limitations period, the court should apply the most appropriate or analogous statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266–68, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Although *Wilson* does not specifically refer to the doctrine of laches, the situation which is analyzed in *Wilson* is identical to one in which it would apply. Thus, *Wilson* provides instructive guidance in this matter. *See also Meade v. Pension Appeals and Review Committee*, 966 F.2d 190, 194–95 (6th Cir.1992) (holding that as the federal ERISA statutes do not provide a statute of limitations, the most analogous statute of limitations is the state statute of limitations which applies for a breach of contract).

■ Pursuant to *Wilson*, to determine which statute of limitations is the most appropriate or analogous, three questions must be answered. Answering these questions is a function of statutory construction. *Wilson*, 471 U.S. at 268, 105 S.Ct. 1938.

First, it must be determined if the claim before the court is to be characterized under state or federal law for limitations purposes (*i.e.*, whether a state limitations period or a federal limitations period from another federal statute should be applied). Essential to answering this question is consideration of the underlying federal policies of the federal statute in question. *Wilson*, 471 U.S. at 269–71, 105 S.Ct. 1938. Where there is no conflict with federal law or policy,[6] it is accepted practice to adopt a state statute of limitations. *Wilson*, 471

U.S. at 266–67 n. 12, 105 S.Ct. 1938 (citing, *inter alia, Runyon v. McCrary*, 427 U.S. 160, 180–82, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *International Union, United Auto. Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966)); *Carruthers Ready–Mix, Inc. v. Cement Masons Local Union No. 520*, 779 F.2d 320, 322 (6th Cir.1985).

Second, it must be decided if all claims which can be brought under the statute in question should be characterized in the same way. In other words, if there are differing substantive claims which could be brought under the same statute, the court must determine if a single broad statute of limitations should be applied to the entire statute or if different limitation periods should be applied to each claim. Part of the consideration under this question is the need for uniformity and certainty.[7] *Wilson*, 471 U.S. at 271–75, 105 S.Ct. 1938. For example, the Court of Appeals for the Sixth Circuit, when analyzing the federal RICO statutes which do not have a statute of limitations, held that because so many different claims can be brought under RICO, one single generic statute of limitations period should not be adopted. *Lund v. Shearson/Lehman/American Express, Inc.*, 852 F.2d 182, 184 (6th Cir.1988); *Silverberg v. Thomson McKinnon Securities, Inc.*, 787 F.2d 1079, 1083 (6th Cir.1986).

Third, it must be decided which statute provides the most appropriate limiting standard. To accomplish this, the court should examine the elements of the cause of action before the court and compare them to the elements of the statutes which are being considered for selection of their corresponding limitation periods. *Wilson*, 471 U.S. at 276, 105 S.Ct. 1938 (affirming the decision of and approving the selection

---

**6.** See *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) for an example of the selection of a statute of limitations period from another federal law, rather than from state law, due to consideration of the relevant federal policies.

**7.** In *Wilson*, the Supreme Court acknowledged that differing limitation periods could be applied in different states for the same federal statute, where state statutes of limitations are applied. *Id.* at 275, 105 S.Ct. 1938 (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)).

criteria in *Garcia v. Wilson*, 731 F.2d 640, 650–51 (10th Cir.1984)). Several decisions of the Court of Appeals for the Sixth Circuit affirm this principle. *See Meade v. Pension Appeals and Review Committee*, 966 F.2d 190, 195 (6th Cir.1992) (finding that, for a breach of contract under the federal ERISA statutes, the most analogous state statute of limitations was the one which applied to breaches of contract); *Southerland v. Hardaway Management Co.*, 41 F.3d 250 (6th Cir.1994) (holding that the state statute of limitations for personal injury applied to violations of the federal Rehabilitation Act as being the most analogous to the federal statute); *Browning v. Pendleton*, 869 F.2d 989, 991–92 (6th Cir.1989) (finding that a federal claim for personal injury pursuant to 42 U.S.C. § 1983 should be construed as a personal injury tort, as the most analogous state law claim, and the general state statute of limitations for personal injury should be applied).

■ Once an appropriate statute of limitations has been selected as a guide, that statute should not be mechanically applied to the situation. *Gardner v. Panama Railroad Co.*, 342 U.S. 29, 30–31, 72 S.Ct. 12, 96 L.Ed. 31 (1951). Other factors, including prejudice, must be considered.

■ Finally, the court should consider that in *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), the United States Supreme Court revisited this issue and clarified its ruling in *Wilson*. Where states have multiple statutes of limitations for a particular class of claims (*e.g.*, personal injury), then the general state statute of limitations will apply as opposed to any specific statutes. *Owens*, 488 U.S. at 250, 109 S.Ct. 573. *See also Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 180–81 (6th Cir.1990).

Once a particular statute of limitations rule is selected, then the court must determine if any prejudice has resulted to the opposing party. Delay, standing alone, will not justify dismissal under the doctrine of laches. *Bylinski v. City of Allen Park*, 169 F.3d 1001, 1003 (6th Cir.1999), *cert. denied,* — U.S. —, 119 S.Ct. 2396, 144 L.Ed.2d 796, 67 U.S.L.W. 3683 (1999); *Patton v. Bearden*, 8 F.3d 343, 347–48 (6th Cir.1993). If the party claiming laches does not produce any evidence of prejudice, then dismissal should not be allowed. *Id.* The *Patton* court, in support of its ruling, noted that Tennessee law does not permit the application of the doctrine of laches when prejudice has not been demonstrated with evidence. *Id.* (citing *Clark v. American National Bank & Trust Co.*, 531 S.W.2d 563, 573 (Tenn. Ct. App.1974), *cert. denied,* 423 U.S. 1053, 96 S.Ct. 786, 46 L.Ed.2d 644 (1976)). *See also Coleman v. Clay*, 805 S.W.2d 752, 755 (Tenn.1991); *Murphy v. Emery*, 629 S.W.2d 895, 898 (Tenn.1981); 11 Tenn.Juris., *Equity* § 38 (Michie 1995).[8] *Accord Czaplicki v. the*

---

8. In contrast, an older decision of the Sixth Circuit Court of Appeals held that: "Under equitable principles the statute of limitations applicable to analogous actions at law is used to create a 'presumption of laches.' This principle 'presumes' that an action is barred if not brought within the period of the statute of limitations and is alive if brought with the period." *Tandy Corporation v. Malone & Hyde, Inc.*, 769 F.2d 362, 365 (6th Cir.1985) (citing Note, *Developments in the Law—Statute of Limitations*, 64 Harv.L.Rev. 1177, 1184 (1950); *TWM Manufacturing Co., Inc. v. Dura Corporation*, 592 F.2d 346, 349 (6th Cir.1979) (holding that a rebuttable presumption of prejudice arises once the selected statute of limitations period has run in patent cases)). Thus, there appears to be a conflict between *Tandy* and *Bylinski* and *Patton: Tandy* and *TWM* mandate a presumption of prejudice whereas both *Bylinski* and *Patton* require evidence of prejudice.

As *Patton* accurately cites Tennessee law on laches and both *Bylinski* and *Patton* are the later cases and as *Tandy* relies on cases from other circuits dating from the 1940s to the 1970s, it would seem that *Bylinski* and *Patton* should control. *See also Cleveland Newspaper Guild, Local 1 v. Plain Dealer Publishing Co.*, 839 F.2d 1147, 1153 (6th Cir.1988) (holding that prejudice must be proven) (quoting *Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961)). *See also Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 533, 76 S.Ct. 946, 100 L.Ed. 1387 (1956) (holding that state statute of limitations are not conclusive and that other factors should be considered).

*Hoegh Silvercloud,* 351 U.S. 525, 533, 76 S.Ct. 946, 100 L.Ed. 1387 (1956); *Gardner v. Panama Railroad Co.,* 342 U.S. 29, 30–31, 72 S.Ct. 12, 96 L.Ed. 31 (1951).

■■■ As evaluation of a claim of laches is dependant upon the submission of evidence, Fed.R.Civ.P. 12(b)(6) is not the proper vehicle for bringing such a request. The proper manner to bring a claim of laches before the court, at least before trial, is by a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b). *See also Cleveland Newspaper Guild, Local 1 v. Plain Dealer Publishing Co.,* 839 F.2d 1147 (6th Cir.1988).

[12] However, other courts have recognized that the defense of laches may still be considered where there exist genuine issues of material fact precluding summary judgment. *See, e.g., Humboldt Express v. Wise Co.* (In re Apex Express Corporation), 190 F.3d 624, 639–40 (4th Cir.1999). Therefore, it logically follows that to prevail on a defense of laches does not depend upon meeting the high evidentiary standard required for summary judgment. Further, the defense may be considered either at trial or on a separate hearing before trial as application of the doctrine of laches is left to the discretion of the court. *Czaplicki v. The Hoegh Silvercloud,* 351 U.S. 525, 534, 76 S.Ct. 946, 100 L.Ed. 1387 (1956); *Gardner v. Panama Railroad Co.,* 342 U.S. 29, 30–31, 72 S.Ct. 12, 96 L.Ed. 31 (1951); *Afro American Patrolmen's League v. Duck,* 503 F.2d 294, 299 (6th Cir.1974). *See also Country Floors, Inc. v. Gepner,* 930 F.2d 1056, 1066 (3rd Cir.1991). The burden of proof is upon the partying claiming the defense of laches. *Bylinski v. City of Allen Park,* 169 F.3d 1001, 1003 (6th Cir.1999), *cert denied,* —— U.S. ——, 119 S.Ct. 2396, 144 L.Ed.2d 796, 67 U.S.L.W. 3683 (1999).

*Fed.R.Civ.P. 56—Summary Judgment*

■■■ A party may bring a motion for summary judgment under Fed.R.Civ.P. 56.[9] The purposes of a motion for summary judgment are, primarily, the prompt disposition of actions which lack merit, are unfounded, or are specious and the expeditious resolution of claims where there exists no dispute concerning the material facts of the case. 10A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure,* Civil 3d § 2712 (West 1990). Thus, summary judgment protects parties from unnecessary costs and delays, expedites justice, and preserves scarce judicial resources.

A motion for summary judgment should be granted where there are no genuine issues of material fact before the court such that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Trustees of B.A.C. Local 32 v. Fantin Enterprises,* 163 F.3d 965, 968 (6th Cir.1998).

Determination of which party has the burden of proof at trial is a preliminary requirement for analysis of a motion for summary judgment. Where the moving party does not bear the burden of proof at trial, summary judgment will be granted if the movant can demonstrate the absence of any genuine issue of material fact in the record and the absence of evidence supporting the non-movant's claim.[10] The movant, in this situation, is not required to negate the opponent's claim. Thus, if the non-moving party has the burden of proof and the movant has carried this initial burden, then the non-moving party must go beyond the pleadings and demonstrate, with evidentiary material, that a genuine issue of material fact exists to defeat the

---

**9.** The court may enter an order of summary judgment, *sua sponte.* However, the court must provide the losing party the opportunity to come forward with all relevant evidence. *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Salehpour v. University of Tennessee,* 159 F.3d 199, 204 (6th Cir.1998).

**10.** However, the court may still deny the motion for summary judgment where there is an inadequate factual basis or record to support the ruling. 10A Wright, Miller, & Kane, *Federal Practice & Procedure,* Civil 3d § 2728 (West 1990). *See also Askew v. Hargrave,* 401 U.S. 476, 479–80, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971).

motion for summary judgment. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548; *Kalamazoo River Study Group v. Rockwell International,* 171 F.3d 1065, 1068 (6th Cir. 1999); *Hammon v. DHL Airways, Inc.,* 165 F.3d 441, 447 (6th Cir.1999).

However, if the movant bears the burden of proof at trial, then the movant, in addition to showing the lack of any genuine issue of material fact, must also produce sufficient evidentiary material to meet its burden of proof to prevail on a motion for summary judgment. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Thaddeus–X v. Blatter,* 175 F.3d 378, 399 (6th Cir.1999). Of course, in either situation where the movant does or does not bear the burden of proof at trial, in addition to demonstrating no genuine issue of material fact, the movant must also show legal entitlement to judgment.

When evaluating a motion for summary judgment, the facts are to be construed in a light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Board of Education v. Pico,* 457 U.S. 853, 864, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982); *Walborn v. Erie County Care Facility,* 150 F.3d 584, 588 (6th Cir.1998). Indeed, the evidence of the *non-movant* is to be believed and justifiable inferences are to be drawn in his favor. *Kalamazoo River Study Group v. Rockwell International,* 171 F.3d 1065, 1068 (6th Cir.1999). However, mere conclusory allegations do not establish a genuine issue of material fact. *Thaddeus–X v. Blatter,* 175 F.3d 378, 399–400 (6th Cir.1999). Facts must be presented to the court for evaluation. *Kala-*

*mazoo River Study Group v. Rockwell International,* 171 F.3d 1065, 1068 (6th Cir. 1999).[11]

Genuine issues of material fact are established by evidentiary materials. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); 10A Wright, Miller, & Kane, *Federal Practice &·Procedure,* Civil 3d § 2721 (West 1990). Evidentiary materials, besides affidavits, should be authenticated, unless they are part of the pleadings, depositions, answers to interrogatories, or admissions on file. Authentication can be accomplished through the use of affidavits. 10A Wright, Miller, & Kane, *Federal Practice & Procedure,* Civil 3d § 2722 (West 1990).[12]

■ Thus, there are two primary considerations when evaluating a claimed issue of fact in a motion for summary judgment: genuineness and materiality. Genuineness refers to whether a reasonable fact finder could enter a judgment for the non-moving party and materiality refers to whether the fact will affect the outcome of the case. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Trustees of B.A.C. Local 32 v. Fantin Enterprises,* 163 F.3d 965, 968 (6th Cir.1998). To contest genuineness, an opponent must "do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Determining materiality is dependent upon the substantive law's identification of which facts are relevant. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

---

11. However, the evidentiary materials presented to avoid summary judgment need not be in a form that would be admissible at trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Thaddeus–X v. Blatter,* 175 F.3d 378, 400 (6th Cir.1999). But, hearsay evidence may not be considered on a motion for summary judgment. *Jacklyn v. Schering–Plough Healthcare Products Sales Corp.,* 176 F.3d 921, 927 (6th Cir.1999).

12. Unauthenticated material may be considered by the court when evaluating a motion for summary judgment if the opposing party does not object to it. 10A Wright, Miller, & Kane, *Federal Practice & Procedure,* Civil 3d § 2722 (West 1990).

Finally, the court may deny a motion for summary judgment without prejudice to renewal, for various reasons including the completion of discovery. 10A Wright, Miller, & Kane, *Federal Practice & Procedure*, Civil 3d § 2728 (West 1990). Where the court has any doubt as to the propriety of granting a motion for summary judgment, it lies within the court's discretion to deny it.

### ANALYSIS

FCB, True North, and Y & B argue that FedEx's claim pursuant to T.C.A. § 47–18–101 *et seq.*, is barred by virtue of the statute of limitations. *See* T.C.A. § 47–18–110; *Mackey v. Judy's Foods, Inc.*, 867 F.2d 325, 328–29 (6th Cir.1989). FedEx concedes their point and withdraws its complaint. Thus, FedEx's claim under this statute is dismissed pursuant to Fed. R.Civ.P. 12(b)(6).

FedEx's claim pursuant to 15 U.S.C. § 1125(a) is another matter. The statute does not contain a specific statute of limitations. Therefore, the doctrine of laches should apply, with the court looking to the most appropriate or analogous statute of limitations. As the doctrine of laches, which requires the presentation of evidence, is the basis for FCB's, True North's, and Y & B's motions, they will be considered under the standard of summary judgment pursuant to Fed.R.Civ. 12(b) and 56.

As previously explained, under the doctrine of laches, an appropriate statute of limitations must be selected and then it must be determined if any prejudice has resulted to the movant by the delay in bringing the action. To determine which statute of limitations is appropriate, three questions must be answered.

The first question is whether the claim should be characterized under either state or federal law for limitations purposes. There does not appear to be a conflict with any federal policies or law by the selection of a state statute of limitations and the court discerns no reason why the general rule of selection of a state statute of limitations should not be employed.

The second question to be answered is whether all claims under the federal statute in question should be characterized the same for limitations purposes. FedEx brought its claim under 15 U.S.C. § 1125(a) which authorizes relief for false advertising and unfair competition. However, under 15 U.S.C. § 1125(c), the statute also provides for relief for trademark violations. On their face, these two causes of action are substantively different, although they do contain some similar elements. Thus, this court will apply different standards when determining which statute of limitations to apply in the instant matter.

The third question to be answered in determining which statute of limitations should be selected is to compare the elements of the federal statute with the elements of the state statutes being considered for selection as having the most appropriate limiting standard. In the instant matter, FCB, True North, and Y & B accurately note that this court has previously ruled that the elements of an action under 15 U.S.C. § 1125(a) for false advertising or unfair competition are substantially similar to the elements of an action under the Tennessee Consumer Protection Act, T.C.A. § 47–18–104. *Syncor International Corporation v. Newbaker*, 12 F.Supp.2d 781, 783 (W.D.Tenn. 1998). Further, they note that the state statute of limitations associated with T.C.A. § 47–18–104 is one year. T.C.A. § 47–18–110.

FedEx argues for a three year statute of limitations, pursuant with the ruling in *Tandy* concerning trademarks. However, based upon the differences between a trademark suit and a suit for false advertising and unfair competition, the argument is rejected. FedEx also argues that the Tennessee statute of limitations for fraud, which is three years, should apply. However, as previously discussed, the court finds that the elements of the Tennessee Consumer Protection Act are more closely related to FedEx's claim under 15

U.S.C. § 1125(a) than to an action under fraud. Thus, the one-year statute shall be considered the most appropriate and analogous statute of limitations for the instant matter.

Next, it must be determined if FCB, True North, and Y & B have suffered any prejudice due to FedEx's delay in filing the suit against them. The court notes that the delay in naming these new defendants was approximately two and a half years from the time that FedEx filed its initial complaint. This is cause for concern. FedEx does note, however, that the case, itself, was subject to a thirteen-month stay while a related matter was on appeal to the Court of Appeals.

FCB, True North, and Y & B claim that they have suffered prejudice due to the accrual of additional liability and the inability to gather witnesses and evidence due to the passage of time. Even examining the arguments in a light most favorable to FCB, True North, and Y & B, which would be against the standards of summary judgment, the arguments fail to persuade.

For example, as regards the alleged prejudice of additional liability, even if FCB, True North, and Y & B were named parties to the suit since its inception, it is highly probable that the same delays would have occurred due to the United States Postal Service's motions. The court sees no reason why the United States Postal Service would not have raised the very same arguments whether FCB, True North, and Y & B were present or not.

Concerning FCB's, True North's, and Y & B's argument that they have been prejudiced by the delay due to the potential loss of evidence and witnesses, the court is similarly not persuaded. They do not present any significant evidence in support of these contentions, as required by law. Further, FedEx alleges that joint counsel for the United States Postal Service and one of the new defendants responded to FedEx's initial demand letters issued in March of 1996. There appears to be at least inferential support for this allegation

in the record. Additionally, there is some inferential support in the record that all of the new parties were aware of the pending action. Moreover, it would seem that the very same witnesses and evidence which will be used to defend the United States Postal Service would be used to defend FCB, True North, and Y & B. Thus, the argument of prejudice due to loss of evidence and witnesses is without merit.

However, as FedEx is not the movant for summary judgment, all facts and inferences must be taken in a light most favorable to FedEx. Thus, FCB, True North, and Y & B have the burden to prove prejudice.

Upon review of the record, and for the reason set forth herein, the court finds they have not demonstrated sufficient evidence to carry their burden. Accordingly, summary judgment is denied under the argument of laches. The court, however, does recognize that demonstration of prejudice is a factual issue which may require additional development. Thus, this denial of summary judgment will be without prejudice to raising the issue at trial.

### CONCLUSION

Accordingly, the motions to dismiss FedEx's claim under T.C.A. §§ 47–18–101 *et seq.* are GRANTED. However, the motions for summary judgment filed by FCB, True North, and Y & B concerning FedEx's claim under 15 U.S.C. § 1125(a) are **DENIED** without prejudice to raising the issue of laches at trial.

**IT IS SO ORDERED.**