SYNCOR INTERNATIONAL
CORPORATION,
Plaintiff,

v.

David A. NEWBAKER, et al., Defendants.

No. 95–2848 D/A.

United States District Court,
W.D. Tennessee,
Western Division.

June 29, 1998.

Frank L. Watson, Louis F. Allen, Memphis, TN, Naig S. Bagerdjian, Chatsworth, CA, Daniel Hogan, Chicago, IL, for Plaintiff.

Kemper Durand, Jerry Mitchell, Kenneth Shuttleworth, Memphis, TN, Stephen E. Gardner, Jackson, MS, Charles Conrey, Grand Rapids, MI, Susan N. Rushing, Maryville, TN, David J. Harris, Memphis, TN, Mark Dessauer, Kingsport, TN, John Ryder, Henry Miller, R. Lane Holley, Teresa J. Sigmon, Memphis, TN, for Defendants.

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' FOTI NUCLEAR PHARMACY SERVICE AND JOHN KENNETH FOTI MOTION TO DISMISS

DONALD, District Judge.

Plaintiff, Syncor International Corporation ("Syncor"), brought suit against various defendants claiming injuries due to unfair competition, fraud and tortious interference with business and contractual relationships.[1] Two of the defendants in the case, Foti Nuclear Pharmacy Services ("FNP") and John Kenneth Foti ("Foti"), have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[2]

## MOTION TO DISMISS STANDARD

In considering a Rule 12(b)(6) motion to dismiss, the court is limited to examining whether plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 724 (6th Cir.1996),quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Accord Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489 (6th Cir.1990). In

reviewing the plaintiff's complaint on a motion to dismiss, the court's duty is to "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. *Accord Craighead,* 899 F.2d at 489, *citing Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

While "a complaint need not set down in detail all the particularities of a plaintiff's claim," the complaint must give the defendant "fair notice of what the defendant's claim is and the grounds upon which it rests." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994). Although the standard is liberal, the plaintiff must plead more than bare legal conclusions, "In practice... a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993), *quoting Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988).

## DISCUSSION

### A. Standing

The provisions of the Tennessee Consumer Protection Act ("T.C.P.A") are to be liberally construed to, inter alia, protect consumers and legitimate business enterprises from those who engage in "unfair or deceptive acts or practices in the conduct of any trade or commerce." Tenn.Code Ann. ("T.C.A.") § 47–18–102 *et. seq.* (1995). Defendants correctly cite the case of *American Buildings Co. v. White,* 640 S.W.2d 569 (Tenn.Ct.App. 1982) for the position that prior to 1989 only consumers could recover under this section. In 1987, the Sixth Circuit Court of Appeals reached the same conclusion holding that

---

**1.** In his January 14, 1998, decision, the Magistrate Judge noted that Plaintiff "state[d] it ha[d] ... abandoned its claim against Foti for tortious interference with contract." Based on this information, the Magistrate Judge found that Plaintiff was equitably estopped from pursuing this claim. This Court agrees with the Magistrate's finding and holds that Plaintiff is equitably estopped from reasserting its claim of tortious interference with contract and business relationships. *See*

*Reynolds v. Commissioner of Internal Revenue,* 861 F.2d 469 (6th Cir.1988) ("Equitable estoppel is designed to prevent undue hardship to one who has relied to his detriment on an earlier inconsistent position of his opponent.")

**2.** The facts of this case are adopted as fully set forth in this Court's order of July 22, 1997.

"the T.C.P.A. permits suits seeking damages to be brought only by consumers...". *Grantham and Mann, Inc. v. Am. Safety Products, Inc.*, 831 F.2d 596, 608 (6th Cir. 1987). However, in 1989, the State legislature amended certain portions of the statute adding 'or other person' after 'consumer' throughout the section. (T.C.A. § 47–18–109(a)(4)(A), (B), and (C)). Section 103(7) defines "person" to include a "partnership, corporation, ... and any other legal or commercial entity however organized."

Few Tennessee Courts have examined the question of whether corporations are considered "consumers" for purposes of the Act. Those that have make a clear distinction between private rights of action seeking treble damages pursuant to § 47–18–109(a) and those seeking declaratory relief available pursuant to § 47–18–109(b).[3] The courts examining this question have consistently held that corporations do not have standing to sue under T.C.A. § 47–18–109(a). *L.I.C. Corporation v. Baskin–Robbins Ice Cream Co.*, 1993 WL 2796, 1993 Tenn.App. Lexis 4, 8–10 (Tenn.Ct.App.1993). They may, however, file suit to have the actions of the violator declared unlawful and enjoined. T.C.A. § 47–18–109(b); *Colyer v. Trew*, 1982 WL 4419 1982 Tenn.App. Lexis 459 (Tenn Ct.App. 1982). Accordingly, Plaintiff's claims pursuant to T.C.A. § 47–18–109(a) must be dismissed. Plaintiff does, however, have standing to sue under § 47–18–109(b).

**B. The Lanham Act and the Tennessee Consumer Protection Act**

Section 43(a) of the Lanham Act provides a private right of action for anyone harmed in their commercial operations by another who uses any word, term, name or symbol— or who uses a false or misleading description—which is "likely to cause confusion [or] mistake" in the minds of consumers as to the affiliation, origin, sponsorship or approval of the goods or services in question. 15 U.S.C. § 1125(a)(1)(A). A companion provision allows recovery where advertising or promotional activities misrepresent the nature, characteristics, qualities or geographic origin of another's goods or services. 15 U.S.C. § 1125(a)(1)(B). Likelihood of confusion "is the essence of an unfair competition claim brought under § 43(a)." *Wynn Oil Co. v. American Way Serv. Corp.*, 943 F.2d 595, 604 (6th Cir.1991).

The unfair or deceptive acts provisions of the T.C.P.A. are substantially similar to those under § 43(a) of the Lanham Act and forbid:

(1) Falsely passing off goods or services as those of another;

(2) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services...

(3) Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another... [or]

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship approval status, affiliation or connection that such person does not have.

T.C.A. § 47–18–104(b)(1995).

Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." In its complaint, Syncor alleges that Foti violated both § 43(a) and § 104(b)

---

**3.** T.C.A. § 47–18–109 reads in relevant part:

(a)(1) Any person who suffers an ascertainable loss of money or property... may bring an action individually to recover actual damages...

(4) In determining whether treble damages should be awarded, the trial court may consider, among other things:

(A) The competence of the consumer or other person;

(B) The nature of the deception or coercion practiced upon the consumer or other person;

(C) The damage to the consumer or other person; and

(D) The good faith of the person found to have violated the provisions of this part.

(b) Without regard to any other remedy or relief to which a person is entitled, anyone affected by a violation of this part may bring an action to obtain declaratory judgment..."

by buying and selling Cardiolite in violation of Syncor's exclusive distributorship arrangement and its contractual agreements with DuPont. Further, by conducting business in the radiopharmaceutical product market Foti "falsely implied" that it lawfully obtained and was authorized to sell these materials. Moreover, by handling and diluting the Cardiolite in violations of DuPont's instructions,[4] sales of such "adulterated" Cardiolite falsely implied that the products met DuPont's strength, quality and purity requirements and were warranted by DuPont. The Court finds that Plaintiff has sufficiently alleged violations of § 43(a) of the Lanham Act and T.C.A. § 47–18–104(b).

## C. Claims based on RICO violations

■ A plaintiff may recover in federal court for a defendant's criminal RICO violations in a civil suit if the defendant's violations have caused injury to his business or property. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495–96, 105 S.Ct. 3292, 87 L.Ed.2d 346 (1985) (construing § 18 U.S.C. § 1964(c)). In order to state a claim under this section, a plaintiff must sufficiently plead a predicate act as enumerated in 18 U.S.C. § 1961(1). *See Central Distribs. of Beer, Inc. v. Conn*, 5 F.3d 181, 183–84 (6th Cir. 1993). Further, it must be alleged that the defendant committed one of the predicate offenses on two or more occasions, thus reflecting a "pattern of racketeering activity." *See* 18 U.S.C. §§ 1961(5), 1962(a); *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). Finally, the plaintiff must allege that a causal nexus exists between his injury and the predicate acts, or he has no standing to sue under § 1964(c); *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 154 (6th Cir. 1990).

■ Title 18 U.S.C. § 1961(1) defines racketeering activity as inter alia, "any act which is indictable under ... 18 U.S.C. §§ 2314 and 2315 (relating to interstate transportation of stolen property)." Plaintiff alleges that it was the exclusive seller of Cardiolite in all regions relevant to this litigation, that Foti "embarked on a scheme to purchase and resell Cardiolite" from various sources other than Dupont and Plaintiff to locations in relevant regions, knowing that the Caridiolite would be stolen, unlawfully converted, or taken by fraud, and that Foti resold and shipped the unlawfully obtained Cardiolite to various locations outside the state of Louisiana. More specifically, Plaintiff alleges that Foti purchased Cardiolite from other defendants in the states of Georgia, South Carolina, and Missouri then sold it to defendants in Tennessee, Michigan, Kentucky, Pennsylvania, New Jersey, and Ohio.

In a motion to dismiss the judicial directive is to read the allegations contained in the complaint in the light most favorable to Plaintiff. As the exclusive seller of Cardiolite in select portions of the specified regions, Plaintiff had what amounted to a contractually granted monopoly on the market. Those entities desiring to legally purchase Cardiolite had to do so from Plaintiff. By entering into the relevant market and selling Cardiolite, Foti deprived Syncor of profits it would have received had it sold Cardiolite to parties within the affected regions. These acts, if proven true, constitute a violation of § 1964(c).

## CONCLUSION

For the aforementioned reasons, the Defendant's motion as to Plaintiff's claim arising under T.C.A. § 47–18–109(a) is granted and 109(a) claim is dismissed. Defendant's motion as to Plaintiff's claims arising under § 43(a) of the Lanham Act, T.C.A. § 47–18–109(b), and 18 U.S.C. § 1964(c) are denied for the reasons stated herein.

---

**4.** Plaintiff's blanket complaint alleges that FNP and other defendants "added excessive Technetium solution [amounting to] more than eight times the amount of radiation specified in the package insert, to undivided vials of the Cardiolite product." (Comp.¶ 79).