**OLIN CORPORATION, Plaintiff,**

v.

**LAMBDA ELECTRONICS, INC., Defendant.**

No. 1:98–CV–150.

United States District Court,
E.D. Tennessee.

Dec. 10, 1998.

Gregory M. Leitner, Leitner, Williams, Dooley and Napolitan, Chattanooga, TN, for plaintiff.

John A. Lucas and Martin B. Bailey, Hunton & Williams, Knoxville, TN, for defendant.

**MEMORANDUM**

EDGAR, Chief Judge.

**I.**

This case is before the Court on the motion of defendant Lambda Electronics, Inc. ("Lambda") to dismiss (Court File No. 3) two of the causes of action asserted by

plaintiff Olin Corporation ("Olin"). For the reasons set forth herein, the motion will be **GRANTED IN PART and DENIED IN PART.**

## II.

FED.R.CIV.P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993); *Nishiyama v. Dickson County, Tennessee,* 814 F.2d 277, 279 (6th Cir.1987). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle the plaintiff to relief. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *Saglioccolo v. Eagle Ins. Co.,* 112 F.3d 226, 228 (6th Cir.1997); *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995), *cert. denied,* 517 U.S. 1163, 116 S.Ct. 1560, 134 L.Ed.2d 661 (1996).

In order to preclude dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 406 (6th Cir.1998); *Columbia Natural Resources,* 58 F.3d at 1109; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). The Court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Columbia Natural Re-*

*sources,* 58 F.3d at 1109; *Mayer,* 988 F.2d at 638; *Collins v. Nagle,* 892 F.2d 489, 493 (6th Cir.1989). When a factual allegation is capable of more than one reasonable inference, it must be construed in the plaintiff's favor. *Saglioccolo,* 112 F.3d at 228; *Columbia Natural Resources,* 58 F.3d at 1109. The Court may not grant a Rule 12(b)(6) motion to dismiss simply because the Court does not believe the allegations of fact in the complaint. *In re Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998); *Saglioccolo,* 112 F.3d at 228–29; *Columbia Natural Resources,* 58 F.3d at 1109; *Allard,* 991 F.2d at 1240. The Court does not, however, have to accept as true mere legal conclusions and unwarranted inferences of fact. *Lewis,* 135 F.3d at 405; *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir.1998); *Columbia Natural Resources,* 58 F.3d at 1109; *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

## III.

The facts necessary to decide Lambda's motion are not in dispute. Olin, a Virginia corporation, operates a chemical manufacturing plant at Charleston, Tennessee. Olin purchased from Lambda some "power supplies" including some diodes which Olin claims did not live up to promises made by Lambda, and were "defective" in that they did not conform to the sales contract between the parties. As a result, Olin claims that its plant was shut down, with resulting losses of Two Million Dollars. Olin has brought claims against Lambda under the (1) Tennessee Consumer Act, TENN.CODE ANN. §§ 47–18–101—1604; (2) Tennessee Products Liability Act, TENN.CODE ANN. §§ 29–28–102—108; and (3) sales chapter of Tennessee's adaptation of the UNIFORM COMMERCIAL CODE, TENN.CODE ANN. §§ 47–2–101—725. Lambda asserts that Olin's claims under the Tennessee Consumer Protection Act and the Tennessee Products Liability Act should be dismissed.

## IV.

■ The Tennessee Consumer Protection Act ("TCPA") provides a private right of action for a person who is the victim of an "unfair or deceptive" act in the course of trade or commerce. Tenn. Code Ann. § 47–18–109; *Menuskin v. Williams*, 145 F.3d 755, 767 (6th Cir.1998). Lambda contends that the statute does not protect corporations, such as Olin. However, Tenn.Code Ann. § 47–18–109(a)(1) gives a right of action to a "person"; and "person" is defined in the statute as including corporations. Tenn.Code Ann. § 47–18–103(7). It is thus clear that the TCPA does provide a remedy to corporations. Other language in the statute buttresses this conclusion. A stated purpose of the statute is to "protect consumers and *legitimate business enterprises* ...." (Emphasis supplied). Presumably Olin is a legitimate business enterprise.

■ Next, Lambda contends that the TCPA is not applicable here because Olin does not allege a "consumer transaction." "Consumer transaction" does not appear to be a term of art mentioned in the statute. Case law interpreting the statute is sparse. There is no authority that a "consumer transaction" is a *sine qua non* of TCPA applicability. The principal case cited by Lambda, *Ganzevoort v. Russell*, 949 S.W.2d 293 (Tenn.1997), holds *inter alia* that the TCPA is inapplicable to a seller not in the business of selling goods. *Id.* at 298. *See also Murvin v. Cofer*, 968 S.W.2d 304, 309 (Tenn.App.1997). It has also been held that the statute does not apply to casual, non-commercial transactions. *White v. Eastland*, 1991 WL 149735, at *2 (Tenn.App. Aug.9, 1991). However, these cases do not take Lambda out of the statute because it can be reasonably inferred from the pleadings that Lambda was indeed in the business of selling power supplies such as diodes, and that the sale to Olin was not a casual, non-commercial transaction.

It is certainly conceivable that the Tennessee Legislature did not intend the TCPA to cover the sale of goods from one corporation, which is in the business of selling goods, to another corporation in a negotiated business transaction. However, if that was not the legislative intent, the Tennessee Legislature has not said so. Because Olin is a "person" which claims to have lost money as a consequence of an unfair or deceptive act[1] by Lambda, it has alleged a cause of action under the TCPA. Accordingly, as to this claim, Lambda's motion to dismiss will be **DENIED**.

## V.

■ Lambda also seeks to dismiss Olin's claim under the Tennessee Products Liability Act. That statute governs certain remedies brought on account of "personal injury, death or property damage." Tenn. Code Ann. § 29–28–102(6). In its original complaint Olin did not allege any of these kinds of injury or damage. However, in an amended complaint, filed after Lambda's motion to dismiss, Olin has now alleged that the plant shutdown has caused what Olin conclusorily now terms, "property damages."

What Olin really seeks is economic loss damages. There is no allegation that any piece of real or personal property owned by Olin was in any way damaged by the diodes. An action for pecuniary economic loss may not be brought as a products liability action under the Tennessee Products Liability Act. *Ritter v. Custom Chemicides, Inc.*, 912 S.W.2d 128, 133 (Tenn. 1995); *First Nat. Bank of Louisville v. Brooks Farms*, 821 S.W.2d 925, 931 (Tenn. 1991). This Court has also so held on at least two occasions. *Jernigan's Furniture Co. v. Thomson Consumer Electronics, Inc.*, 1:95–cv–374 (slip op. Mar. 4, 1997); *Thurman–Bryant Electric Supply Co. v. Unisys Corp.*, 1:93–cv–512 (slip op. Jan. 31, 1997). For this reason, Lambda's motion

---

1. Olin alleges that Lambda knew the power supplies (specifically the diodes) were defective, and failed to disclose this to Olin. This

could be an "unfair or deceptive" act under Tenn.Code Ann. § 47–18–104.

to dismiss Olin's Tennessee Products Liability Act claim will be **GRANTED.**

An order will enter.

### ORDER

For the reasons set out in the memorandum filed herewith, it is **ORDERED** that the motion of Lambda Electronics, Inc. (Court File No. 3) to dismiss is **GRANTED IN PART and DENIED IN PART.** Specifically, it is **ORDERED** that:

(1) All claims of Olin Corporation made pursuant to the Tennessee Products Liability Act, TENN.CODE ANN. §§ 29–28–102—108, are **DISMISSED;** and

(2) All other claims asserted by Olin Corporation, including its claim under the Tennessee Consumer Protection Act, TENN.CODE ANN. §§ 47–18–101—1604, as well as its claims under the Tennessee adaptation of the UNIFORM COMMERCIAL CODE, TENN.CODE ANN. §§ 47–2–101—725, remain for trial.

SO ORDERED.