# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

# ATS SOUTHEAST, INC., ET AL. v. CARRIER CORPORATION

**Certified Question from the United States District Court for the
Middle District of Tennessee
No. 3:96-0796    Aleta A. Trauger, Judge**

---

### No. M1999-02658-SC-R23-CQ - Decided May 12, 2000

---

Pursuant to Tenn. Sup. Ct. R. 23, we accepted the following question from the United States District Court for the Middle District of Tennessee:  Under the Tennessee Consumer Protection Act, "[d]oes a corporation have standing to bring a private cause of action for treble damages pursuant to Tenn. Code Ann. § 47-18-109(a)?"  We answer that it does.  The Tennessee Consumer Protection Act defines, in Tenn. Code Ann. § 47-18-103(7), "person" to include  corporations, and "persons" can seek treble damages available under Tenn. Code Ann. § 47-18-109(a).  Therefore, we opine that a corporation has standing to bring a private cause of action for treble damages under Tenn. Code Ann. § 47-18-109(a).

**Tenn. Sup. Ct. R. 23 Certification of Questions of State Law from Federal Court**

BIRCH, J., delivered the opinion of the court, in which ANDERSON, C.J., and DROWOTA, HOLDER, and BARKER, JJ., joined.

Fred C. Dance, Nashville, Tennessee, for the petitioners, ATS Southeast, Inc., Rent-A-Driver, Inc., and Wood Transportation, Inc.

James A. Delanis, Jonathan J. Cole, Richard A. Stout, Nashville, Tennessee, for the respondent, Carrier Corporation.

## OPINION

I

Pursuant to Tennessee Supreme Court Rule 23,[1] this Court accepted certification of the following question from the United States District Court for the Middle District of Tennessee:

> Does a corporation have standing to bring a private cause of action
> for treble damages pursuant to Tenn. Code Ann. § 47-18-109(a)?[2]

Because the Tennessee Consumer Protection Act (the Act) clearly contemplates that corporations injured by a violation of the statute should be granted such standing, we conclude that corporations do, indeed, have standing[3] to bring a private cause of action for treble damages under Tenn. Code Ann. § 47-18-109(a).

II

Petitioner ATS Southeast, Inc. (ATS) filed a breach of contract action against Carrier Corporation (Carrier) in the United States District Court for the Middle District of Tennessee. Carrier filed a counterclaim against ATS and a separate suit against ATS's predecessors, Rent-A-

---

[1] The Supreme Court may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a District Court of the United States in Tennessee, or a United States Bankruptcy Court in Tennessee. This rule may be invoked when the certifying court determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee.

Tenn. Sup. Ct. R. 23, § 1.

[2] Tennessee Code Annotated § 47-18-109(a) is part of the Tennessee Consumer Protection Act.

[3] In cases involving an alleged violation of statutory law, the question of whether a party has "standing" to initiate a cause of action requires a determination of whether the statutory provision on which the claim rests grants persons in the plaintiff's position a right to seek judicial relief. See Metropolitan Air Research Testing Auth., Inc. v. Metropolitan Gov't of Nashville and Davidson County, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992).

Driver, Inc. and Wood Transportation, Inc.,[4] seeking treble damages pursuant to Tenn. Code Ann. § 47-18-109(a). The court consolidated the two lawsuits.

Carrier alleged that ATS (and its predecessors), in selling services to Carrier, had engaged in "unfair and deceptive acts or practices affecting the conduct of trade and commerce" in violation of Tenn. Code Ann. § 47-18-104(a). On February 24, 1999, the United States District Court for the Middle District of Tennessee filed an order with the Tennessee Supreme Court certifying the above-quoted question of law.

III

When the Tennessee Consumer Protection Act was enacted in 1977, one of its stated purposes was "[t]o protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state." Tenn. Code Ann. § 47-18-102(b) (1979) (codifying 1977 Tenn. Pub. Acts ch. 438, § 2). Protecting both consumers and legitimate business enterprises from unfair or deceptive acts or practices remains a purpose of the Act today. See Tenn. Code Ann. § 47-18-102(2) (1995 & Supp. 1999).

A violation of the Tennessee Consumer Protection Act may result in several different sanctions. First, "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce" are designated Class B misdemeanors. Tenn. Code Ann. § 47-18-104(a) (1995). Additionally, as provided by the original version of the Act:

> [a]ny person who suffers an ascertainable loss of money or property . . . as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this chapter may bring an action individually . . . to recover actual damages. . . . If the court finds that the use or employment of the unfair or deceptive act or practice was a willful or knowing violation of this chapter, the court may award three (3) times the actual damages sustained and may provide such other relief as it considers necessary and proper. In determining whether treble damages should be awarded, the trial court may consider, among other things: (1) [t]he competence of the consumer, (2) [t]he nature of the deception or coercion practiced upon the consumer, (3) [t]he damage to the consumer, and (4) [t]he good faith of the person found to have violated the provisions of this chapter.

---

[4]In its order certifying the previously quoted question, the District Court noted that because ATS, Rent-A-Driver, Inc., and Wood Transportation, Inc. were collectively the "moving party" within the meaning of Rule 23, § 6 of the Tennessee Supreme Court Rules, they would be designated the "petitioners" in this case.

Tenn. Code Ann. § 47-18-109(a) (1979) (codifying 1977 Tenn. Pub. Acts ch. 438, § 10) (emphases added).

Following the 1977 codification of the Act, corporations began asserting that they should be permitted to sue for treble damages under Tenn. Code Ann. § 47-18-109(a). These suits were unsuccessful because the term "consumer," as used in the original version of the Act, was defined as a "natural person" who sought or acquired "goods, services, or property . . . ." Tenn. Code Ann. § 47-18-103(a) (1979)(codifying 1977 Tenn. Pub. Acts ch. 438, § 3).[5] Thus, prior to the time that the Act was amended in 1989, corporations were disallowed from pursuing treble damages under Tenn. Code Ann. § 47-18-109(a) because recovery under Tenn. Code Ann. § 47-18-109(a)(1-4) was limited to "consumer[s]," and the term "consumer," for purposes of the Act, was not defined to include corporations. See American Bldgs. Co. v. White, 640 S.W.2d 569, 575 (Tenn. Ct. App. 1982); Grantham and Mann, Inc. v. American Safety Products, Inc., 831 F.2d 596, 608 (6th Cir. 1987).

IV

In 1989, however, Tenn. Code Ann. § 47-18-109(a)(4) was amended. It now reads as follows, with changes to the original Act noted in bold type:

> [i]n determining whether treble damages should be awarded, the trial court may consider, among other things: (A) [t]he competence of the consumer **or other person**; (B) [t]he nature of the deception or coercion practiced upon the consumer **or other person**; (C) [t]he damage to the consumer **or other person**; and (D) [t]he good faith of the person found to have violated the provisions of this chapter.

---

[5]The full definition of the term "consumer" is

> any natural person who seeks or acquires by purchase, rent, lease, assignment, award by chance, or other disposition, any goods, services, or property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated or any person who purchases or to whom is offered for sale a franchise or distributorship agreement or any similar type of business opportunity.

Tenn. Code Ann. § 47-18-103 (a) (1979) (codifying 1977 Tenn. Pub. Acts ch. 438, § 3).

Currently, the term "consumer" is defined in exactly the same way that it has been defined ever since the Tennessee Consumer Protection Act was enacted in 1977. Compare Tenn. Code Ann. § 47-18-103(2) (1995 & Supp. 1999) with Tenn. Code Ann. § 47-18-103(a) (1979) (codifying 1977 Tenn. Pub. Acts ch. 438, § 3).

Tenn. Code Ann. § 47-18-109(a)(4) (1995 & Supp. 1999) (codifying 1989 Tenn. Pub. Acts ch. 498, § 3) (emphases added).

The inclusion, in 1989, of the "or other person" language is significant. As has been the case ever since the Act was codified in 1977, "person" is defined to include "a natural person, individual, governmental agency, partnership, corporation, trust, estate, incorporated or unincorporated association, and any other legal or commercial entity however organized . . . ." Tenn. Code Ann. § 47-18-103(7) (1995 & Supp. 1999) (emphasis added); Tenn. Code Ann. § 47-18-103(f) (1979) (codifying 1977 Tenn. Pub. Acts ch. 438, § 3).

Several courts recognized the significance of the 1989 amendment. Indeed, in 1992, the United States District Court for the Middle District of Tennessee stated that:

> in 1989, the Tennessee legislature inserted the phrase 'or other person' after the word 'consumer' in § 47-18-109(a)(4)(A), (B), and (C) . . . . While Tenn. Code Ann. § 47-18-103(2) defines a 'consumer' as 'any natural person,' § 47-18-103(7) defines 'person' to include 'partnership[s], corporation[s], trust[s], . . . and any other legal or commercial entit[ies] however organized,' in addition to 'natural person[s].' Thus, because the Tennessee Consumer Protection Act affords a private right of action to '[a]ny person,' [under] Tenn. Code Ann. § 47-18-109(a)(1), and a trial court is required to consider specifically '[t]he damage to the consumer or other person,' [under] Tenn. Code Ann. § 47-18-109(a)(4)(C)[], when considering the issue of treble damages, the Court finds that corporations may recover [treble] damages under the Act . . . .'

Smith Corona Corp. v. Pelikan, Inc., 784 F.Supp 452, 483 (M.D. Tenn. 1992) (emphases added); see Olin Corp. v. Lambda Electronics, Inc., 39 F.Supp.2d 912, 914 (E.D. Tenn. 1998); Operations Mgmt. Int'l, Inc. v. Tengasco, Inc., 35 F.Supp.2d 1052, 1058 (E.D. Tenn. 1999); see also Jeffrey L. Reed, The Tennessee Consumer Protection Act: An Overview, 58 Tenn. L. Rev. 455, 478-79 (1991).

Despite the seemingly clear language of the amended statute, several courts have continued to hold that corporations lack standing to sue under the Act. See Syncor Int'l Corp. v. Newbaker, 12 F.Supp.2d 781, 783 (E.D. Tenn. 1999); LIC Corp. v. Baskin-Robbins Ice Cream Co., Nos. 03A01-9207-CV-242, 03A01-9207-CV-243, 1993 WL 2796, at *3 (Tenn. Ct. App. Jan. 8, 1993). In Syncor, a case decided after the 1989 amendment, the United States District Court for the Eastern District of Tennessee improperly analyzed the issue of corporate standing under Tenn. Code Ann. § 47-18-109(a), focusing on "the question of whether corporations are considered 'consumers' for purposes of the Act." Syncor, 12 F.Supp.2d at 783. As previously implied, it is irrelevant whether a corporation is a "consumer" under the Act because the right of action is given to "person[s]," a term that is specifically defined to include corporations. See Tenn. Code Ann. § 47-18-109(a)(4) (1995 & Supp. 1999); Tenn. Code Ann. § 47-18-103(7) (1995 & Supp. 1999).

In Baskin-Robbins, the Tennessee Court of Appeals reached an erroneous result when considering whether corporations had standing to sue under the Act. See Baskin Robbins, 1993 WL 2796, at *3. In that case, the court relied on the Court of Appeals's pre-1989 decision in American Buildings Co. v. White, and did not discuss the 1989 amendment to Tenn. Code Ann. § 47-18-109(a)(4).[6] See id.

Finally, the petitioners argue that the legislative history of the 1989 amendment, specifically the caption to the 1989 amendment that is found in Tennessee Public Acts, 1989, Chapter No. 498, indicates that the legislature did not intend to amend the Act to provide corporations with a private cause of action for treble damages.[7] Instead, argue the petitioners, the purpose of the 1989 amendment was to regulate "certain promotional schemes" relative to telemarketing scams.

We need not reach the question of the 1989 amendment's legislative history. "When the language contained within the four corners of a statute is plain, clear, and unambiguous, the duty of the courts is simple and obvious, 'to say sic lex scripta, and obey it.'" Hawks v. City of Westmoreland, 960 S.W.2d 10, 16 (Tenn. 1997) (quoting Miller v. Childress, 21 Tenn. (2 Hum.) 320, 321-22 (1841)). In instances when the language of the statute is clear on its face, we need not reach the question of the legislature's intent in enacting the law; "[w]here there is no ambiguity in the language of an act, comments of legislators, or even sponsors of the legislation, before its passage are not effective to change the clear meaning of the act." D. Canale & Co. v. Celauro, 765 S.W.2d 736, 738 (Tenn. 1989). The language of Tenn. Code Ann. § 47-10-109(a) and Tenn. Code Ann. § 47-18-103(7) is clear and unambiguous. Read together, the two statutes indicate that corporations (and other entities included within the Act's definition of a "person") have standing to bring a private cause of action for treble damages under the Tennessee Consumer Protection Act.

V

We answer the question certified by the United States District Court for the Middle District of Tennessee as follows:

---

[6]The petitioners' reliance on our decisions in Quality Auto Parts v. Bluff City Buick, 876 S.W.2d 818 (Tenn. 1994); Pursell v. First American Nat'l Bank, 937 S.W.2d 838 (Tenn. 1996); and Ganzevoort v. Russell, 949 S.W.2d 293 (Tenn. 1997) is similarly misplaced. In each of those cases there was a determination that the Act did not apply; however, in each instance that determination was based on the lack of "unfair or deceptive acts or practices affecting the conduct of any trade or commerce" under Tenn. Code Ann. § 47-18-104, and not on the corporate status of the party making the claim.

[7]Any constitutional defect caused by the limited nature of the caption was cured when the bill was codified. See Tenn. Const. art II, § 17; State v. Chastain, 871 S.W.2d 661, 666 (Tenn. 1994); Harmon v. Angus R. Jessup Assoc., Inc., 619 S.W.2d 522, 523 (Tenn. 1981). This is, essentially, the position of the Attorney General in response to claims of unconstitutionality based on the Act being broader than its caption.

Under Tenn. Code Ann. § 47-18-103(7) of the Tennessee Consumer Protection Act, a "person" is clearly defined to include corporations. Because the remedy of treble damages available under Tenn. Code Ann. § 47-18-109(a) is available to "person[s]," it is, thus, available to corporations. As such, corporations have standing to bring a private cause of action for treble damages under Tenn. Code Ann. § 47-18-109(a).

The clerk will transmit this opinion to the United States District Court for the Middle District of Tennessee and to the parties in accordance with Rule 23, § 8 of the Tennessee Supreme Court Rules. The costs in this Court will be taxed to the petitioners, ATS, Rent-A-Driver, Inc., and Wood Transportation, Inc.