**BRIDGEPORT MUSIC, INC., et al.**

v.

**11C MUSIC, et al.**

No. 3:01–0412.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 2, 2001.

Richard Busch, King & Ballow, Nashville, TN, for Plaintiff.

Jay Bowen, Bowen, Riley, Warnock & Jacobson, Nashville, TN, Philip Kirkpatrick, Stewart, Estes & Donnell, Nashville, TN, for Defendant.

## *MEMORANDUM*

CAMPBELL, District Judge.

Pending before the Court are Motions of Defendants BMG[1] and Bad Boy[2] to dismiss Counts 481 and 482 of Plaintiffs' Complaint for failure to state a claim (Docket Nos. 163 and 165). For the reasons that follow, the Motions are GRANTED in part and DENIED in part.

## FACTS

Plaintiffs, entities engaged in publishing, recording, and distributing music, bring this action against numerous publishing companies, copyright administrators, record labels, entertainment companies, copyright clearance companies, and performance rights organizations. As the purported owners of copyrights in certain musical compositions and sound recordings, Plaintiffs assert a variety of claims arising out of the alleged "sampling" of their works.[3] Their Complaint charges copyright infringement, breach of contract, violation of the Tennessee Consumer Protection Act, and common law negligence.

In particular, Count 481 claims that certain Defendants misrepresented the music they sold to the public by holding out their allegedly infringing works as original. Plaintiffs assert that these actions constitute false, deceptive, and unfair practices in violation of the Tennessee Consumer Protection Act (hereinafter "TCPA"), Tenn.Code Ann. § 47–18–101 et seq.. Count 482 of the Complaint charges that various publishers, administrators, and record labels were negligent in ascertaining whether the works they produced and promoted were in fact original. According to Plaintiffs, these Defendants failed:

(1) to ascertain that the works being labeled, registered, distributed, and/or used are original and non-infringing;

(2) to investigate the ownership and originality of musical compositions and/or sound recordings utilized;

---

1. The BMG Defendants include The RCA Records Label, a unit of BMG Entertainment; BMG Songs, Inc.; Careers–BMG Music Publishing, Inc.; LaFace Records, Inc; BMG Special Products, Inc.; Arista Records, Inc .; and BMG Music d/b/a BMG Entertainment (a New York general partnership).

2. The Bad Boy Defendants include Bad Boy Entertainment, Inc. and Bad Boy Records.

3. "Sampling," according to the Complaint, is the copying of portions of prior master sound recordings of earlier musical compositions directly onto new sound recordings.

(3) to inform copyright owners of utilized musical compositions and/or sound recordings of their use in new Records, Videos and/or Motion Pictures;

(4) to alert copyright owners of utilized musical compositions · and/or sound recordings of each release of the new Record, Video and/or Motion Picture containing the utilized musical compositions and/or sound recordings;

(5) to appropriately credit the copyright owners of the utilized musical compositions and/or sound recordings on any packaging and copies containing such musical compositions and sound recordings;

(6) to correctly identify with the U.S. Copyright Office the copyright owners of the utilized musical composition and/or sound recordings; and

(7) to quarterly account to and pay the copyright owners of the utilized musical compositions and/or sound recordings . . . .

Complaint, at ¶ 34 (Docket No. 1).

Defendants BMG and Bad Boy are named in Counts 481 and 482 of the Complaint. BMG has moved to dismiss Count 481 for Plaintiffs' lack of standing and Count 482 as preempted by the Copyright Act (Docket No. 163). Bad Boy also seeks to dismiss both counts and relies on the memorandum submitted by BMG in support of its Motion (Docket No. 165).[4]

## MOTIONS TO DISMISS

A motion under Fed.R.Civ.P. 12(b)(6) allows the defendant to test whether, as a matter of law, the plaintiff should recover if everything alleged in the complaint is true. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). The task of the District Court is to assess if a claim has been adequately stated in the complaint. *Begala v. PNC Bank, N.A.,* 163 F.3d 948, 950 (6th Cir.1998); *Winkler v. Interim Servs., Inc.,* 36 F.Supp.2d 1026, 1028 (M.D.Tenn. 1999). In ruling on a motion to dismiss, the court accepts as true all well-pleaded allegations and draws any inferences in the manner most helpful to the plaintiff. *Varljen v. Cleveland Gear Co. .,* 250 F.3d 426, 429 (6th Cir.2001). This favorable light does not extend, however, to legal propositions or untenable inferences. *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir.2000). Dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts consistent with those alleged that would warrant relief. *Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir.1996).

## A. PLAINTIFFS' CLAIM UNDER THE TENNESSEE CONSUMER PROTECTION ACT (COUNT 481)

The Tennessee Consumer Protection Act authorizes a private cause of action on behalf of "any person who suffers an ascertainable loss of money or property . . . as a result of the use or employment by another person of an unfair or deceptive act or practice." Tenn.Code Ann. § 47–18–109(a)(1). In 1989, the Tennessee General Assembly amended the remedial provision of the TCPA to allow treble damages in suits brought by any "consumer or other person." Tenn.Code Ann. § 47–18–109(a)(4). As used in the Act, "person" is defined to include, *inter alia,* corporations and "any other legal or commercial entity

---

4. Bad Boy has also moved to dismiss Plaintiffs' claim under the TCPA as preempted by the Copyright Act. Yet the memorandum prepared by BMG—upon which Bad Boy relies—argues for preemption of only the negligence claim, limiting its discussion of the TCPA to the standing issue alone. The Court will rule on the Motions as presented in the supporting memorandum. Without the benefit of any briefing, the Court cannot, and does not today, decide whether the TCPA is preempted by the Copyright Act.

however organized." Tenn.Code Ann. § 47–18–103(9). In interpreting this language, the Tennessee Supreme Court has concluded that "corporations (and other entities included within the Act's definition of 'person') have standing to bring a private cause of action for treble damages under the Tennessee Consumer Protection Act." *ATS Southeast, Inc., et al. v. Carrier Corp.*, 18 S.W.3d 626, 630 (Tenn.2000).

Despite this authority and the statutory text—which the Tennessee Supreme Court regarded as "clear and unambiguous"—Defendants here insist that Plaintiffs have no standing to assert their TCPA claim. *Id.* Defendants advance two arguments on this point.

■ First, though conceding that corporations may sue under the TCPA, Defendants maintain that a plaintiff must be "acting in a consumer-oriented fashion" to invoke the protections of the Act. Notably, Defendants do not suggest that the TCPA is inapplicable here because Plaintiffs' dealings in music were casual, isolated, or otherwise non-commercial. *See, e.g., Ganzevoort v. Russell,* 949 S.W.2d 293, 298 (Tenn.1997) (holding that the Act does not cover a seller not in the business of selling goods). Instead, they insist that Plaintiffs were not *themselves* purchasing goods and therefore cannot sue under the Act. This gloss on the statute is evidently of the Defendants' own creation. The TCPA was amended precisely to *expand* the class of potential plaintiffs, making relief available to "the consumer *or other person,*" Tenn.Code Ann. § 47–18–109(a)(4) (emphasis added). The disjunctive added in 1989 precludes any reading that imposes a "buying requirement" upon the plaintiff. As the Tennessee Supreme Court has observed, "[I]t is irrelevant whether a corporation is a 'consumer' under the Act because the right of action is given to 'persons,' a term that is specifically defined to include corporations." *ATS Southeast*

*Inc.*, 18 S.W.3d at 629. *See also Olin Corp. v. Lambda Elecs., Inc.,* 39 F.Supp.2d 912, 914 (E.D.Tenn.1998) ("There is no authority that a 'consumer transaction' is a *sine qua non* of TCPA applicability.").

■ Defendants next argue that Plaintiffs lack standing because the injury claimed cannot be traced to the alleged deceptive conduct. The Court views this argument as equally unconvincing. According to the Complaint, it was the Defendants who put the allegedly infringing music on the shelves of the stores and into the hands of the consumers. Plaintiffs claim that Defendants' sale and distribution of music denied them royalties and displaced the demand for other of their original works. Pl.'s Resp. at 11 (Docket No. 231). Accepting these allegations as true for purposes of this Motion, the Court finds that Plaintiffs' losses are fairly traceable to the challenged conduct.

Accordingly, the Court concludes that Plaintiffs have standing to sue under the Tennessee Consumer Protection Act.

## B. PLAINTIFFS' CLAIM FOR NEGLIGENT FAILURE TO INVESTIGATE SUSPICIOUS SUBMISSIONS (COUNT 482)

■ According to the Copyright Act, On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under

the common law or statutes of any State.

17 U.S.C. § 301(a). By this authority, a state claim is preempted if (1) it involves the same subject matter as copyright, and (2) it invokes rights equivalent to those exclusively available in copyright. *Wrench LLC v. Taco Bell*, 256 F.3d 446, 453 (6th Cir.2001). If, on the contrary, "an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display in order to constitute a state-created cause of action, there is no preemption, provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Id.* at 455.

█ The sound recordings and musical compositions in dispute here clearly fall within the subject matter of copyright. *See* 17 U.S.C. § 102(a)(2), (7) (describing "works of authorship" protectable in copyright). The issue before the Court, then, is whether Plaintiffs' claim for negligence asserts the same rights as are provided by the Copyright Act. In Count 482, Plaintiffs have alleged that Defendants were "grossly negligent in determining whether the Infringing Compositions and/or Sound Recordings and/or Records in issue infringed upon any other, pre-existing musical composition and/or sound recording." Complaint, at ¶ 5269 (Docket No. 1). After careful examination of the allegations, the Court concludes that Count 482 is preempted by the Copyright Act.

As the Sixth Circuit has noted, "Equivalency exists if the right defined by state law may be abridged by an act which in and of itself would infringe one of the exclusive rights." *Wrench*, 256 F.3d 446, 455. *See also* 1 M. Nimmer & D. Nimmer, Copyright § 1.01[B][1] (1997) ("Thus, in essence, a right that is 'equivalent to copyright' is one that is infringed by the mere act of reproduction, performance, distribu-

tion, or display."). The *Wrench* court held that a state law implied-in-fact contract survives copyright preemption. In that case, "[t]he extra element is the promise to pay. This extra element does change the nature of the action so that it is qualitatively different from a copyright infringement claim. The qualitative difference includes the requirement of proof of an enforceable promise and a breach thereof which requires, *inter alia,* proof of mutual assent and consideration, as well as proof of the value of the work and appellee's use thereof." *Wrench*, 256 F.3d 446, 456.

In similar fashion, the Sixth Circuit has found that a state right of publicity implicates protections apart from those afforded in copyright. *Landham v. Lewis Galoob Toys, Inc.*, 227 F.3d 619, 623 (6th Cir.2000). There, an actor sued a toy manufacturer for marketing an action figure based on his screen persona. According to the court, the plaintiff's claim "evokes his personal identity—an inchoate 'idea' which is not amenable to copyright protection—to his emotional and financial detriment. Regardless of the merits of this claim, it does assert a right separate from those protected by the Copyright Act." *Id.*

█ In Count 482 of their Complaint, styled "Negligent Failure to Investigate Suspicious Submissions," Plaintiffs have claimed that the named Defendants "failed to meet [the] duty to act as a reasonable and prudent publisher, administrator, [and] label [ ] would act in registering a copyright and/or submitting label copy and/or distributing Records and information related to Records . . . ." Complaint, at ¶ 5269 (Docket No. 1). The Tennessee Supreme Court has recently recapitulated the familiar elements for a claim of negligence under state law: "(1) a duty of care owed by the defendant to the plaintiff; (2)

conduct by the defendant falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation." *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). Here, Plaintiffs claim that two of these elements—duty and breach—distinguish Count 482 from a claim arising under the Copyright Act. Pls.' Resp., at 14 (Docket No. 231). The Court, however, is not persuaded.

What Plaintiffs have described as "duties" are essentially the components of a properly functioning licensing regime. *See* Complaint, at ¶ 34 (Docket No. 1). Follow-on artists and recording companies should "ascertain" and "investigate" that their music is original. If not, they should "inform", "alert", "credit", "identify", and "account to" the copyright holders of the original works. Such steps are taken to avoid copyright infringement, not forestall common law negligence. Simply describing these elements as somehow different does not sufficiently distance them from rights protected in copyright. *See Marvullo v. Gruner + Jahr AG & Co.*, No. 98 Civ. 5000, 2001 WL 40772, at *7 (S.D.N.Y. Jan.17, 2001) (preempting a photographer's negligence claim as simply restating his copyright infringement claim); *Watermark Publishers v. High Tech. Sys.*, No. 95–3839–IEG, 1997 U.S. Dist. LEXIS 22512, at *15 (S.D. Cal. June 18, 1997) (preempting a negligence claim based on defendant's use of a copyrighted tourist map, explaining, "The only possible basis for a duty to protect another from copyright infringement—if such a duty can exist—is in copyright law; thus, the alleged existence of this duty is not an 'extra element.' "). In fact, under Plaintiffs' conception of duty, it is hard to imagine *any* infringing defendant who could not also be found negligent. Section 301 of the Copyright Act is designed to prevent such an identity of claims. I Nimmer, Copyright § 1.01[B][1] ("Abstracting to the realm of principle, if under state law the act of reproduction, performance, distribution, or display, no matter whether the law includes all such acts or only some, will *in itself* infringe the state-created right, then such right is pre-empted.") (emphasis in original).

The Court is not prepared to decide, as a blanket rule, that negligence actions are always preempted by the Copyright Act. *But see Dielsi v. Falk*, 916 F.Supp. 985, 992–93 (C.D.Cal.1996) (explaining that "recharacterization of the claim as one of 'negligence' does not add a legally cognizable additional element because a general claim for copyright infringement is fundamentally one founded on strict liability. The alteration of the required mental state does not add an 'additional element' ...."). Here, it is enough to note that the negligence claim in Count 482 simply echoes the copyright claims Plaintiffs have asserted elsewhere, arguing in essence that the Defendants had a "duty" to avoid infringing and that they "breached" that duty by, in fact, infringing. This negligence claim poses nothing more than a right that "may be abridged by an act which in and of itself would infringe one of the exclusive rights." *Wrench*, 256 F.3d 446, 455. Accordingly, the Court dismisses Count 482 as preempted by the Copyright Act.

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss (Docket Nos. 163 and 165) are GRANTED in part and DENIED in part. This Court concludes that Plaintiffs have standing to assert violations of the Tennessee Consumer Protection Act (Count 481). Plaintiffs' claim for negligent failure to investigate suspicious submissions (Count 482) is dismissed as

preempted by the Copyright Act, 17 U.S.C. § 301.

The instant ruling shall apply to Plaintiffs' negligence and TCPA claims arising from the same set of allegations in any case or cases severed in accordance with the related Order (Docket No. 374) entered on August 1, 2001.

The Clerk is directed to serve this Memorandum on all parties who have entered an appearance and as directed in the Order (Docket No. 2) entered on May 8, 2001. Plaintiffs shall serve this Memorandum on all Defendants pursuant to the Order (Docket No. 2) of May 8, 2001. The Clerk shall also post this Memorandum on the Court's website (*http://www.tnmd.uscourts.gov/*).

IT IS SO ORDERED.