IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 9, 2018 Session

FILED
11/28/2018
Clerk of the
Appellate Courts

## ROY FRANKS, ET AL. v. TIFFANY SYKES, ET AL.

**Appeal from the Circuit Court for Madison County**
No. C-16-171        Kyle Atkins, Judge

_____

### No. W2018-00654-COA-R3-CV

_____

This appeal concerns two separate plaintiffs' claims under the Tennessee Consumer Protection Act ("TCPA"), alleging that the filing of undiscounted hospital liens violated the TCPA by "[r]epresenting that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law." The trial court dismissed one plaintiff's claim based on the pleadings due to the plaintiff's failure to bring a claim under the Hospital Lien Act and dismissed another plaintiff's claim for improper venue. We affirm in part as modified, reverse in part, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified, Reversed in Part, and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Charles L. Holliday, Jackson, Tennessee, for the appellants, Roy Franks, and Cindy Edwards.

Michael Mansfield, Jackson, Tennessee, for the appellees, Professional Account Services, Inc., Jackson Tennessee Hospital Company, L.L.C., Dyersburg Hospital Corporation, and Martin Hospital Corp. d/b/a Tennova Healthcare.

### OPINION

#### I. FACTS AND PROCEDURAL HISTORY

Both appellants, Roy Franks and Cindy Edwards, received notice of the filing of

undiscounted hospital liens after suffering injuries arising from separate motor vehicle accidents. Mr. Franks, a resident of Dyer County, was in a car accident in Madison County and was treated at Dyersburg Hospital Corporation ("Tennova Dyersburg") in Dyersburg, Tennessee. Ms. Edwards, a resident of Obion County, was in a separate car accident in Obion County and was treated at Martin Hospital Corporation ("Tennova Martin") in Weakley County. Professional Account Services, Inc. ("PASI") filed notices of hospital liens on behalf of both hospitals that reflected the undiscounted amounts for Mr. Franks' treatment and Ms. Edwards' treatment.

On July 5, 2016, Mr. Franks filed a complaint against defendant, Tiffany Sykes, for personal injuries in Madison County Circuit Court.[1] The personal injury action against Ms. Sykes stemmed from the motor vehicle accident that resulted in Mr. Franks seeking treatment at Tennova Dyersburg for his injuries. On October, 21, 2016, Mr. Franks filed an amended complaint, adding Tony Cooke[2] and Cindy Edwards as plaintiffs and adding PASI, Jackson, Tennessee Hospital Company, LLC, Tennova Dyersburg, and Tennova Martin as additional defendants. The amended complaint alleged, among other things, violations of the Tennessee Consumer Protection Act ("TCPA") relating to the defendants filing undiscounted hospital liens for the healthcare services provided to Mr. Franks and Ms. Edwards.[3] First, the plaintiffs asserted that the "goods and services" received from the hospitals constituted "consumer transactions" under the TCPA.[4] Moreover, the plaintiffs asserted that the hospital liens violated the TCPA by "[r]epresenting that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law." *See* Tenn. Code Ann. § 47-18-104(b)(12). In alleging a violation of the TCPA, the plaintiffs relied on the holding in *West v. Shelby County Healthcare Corporation*, which held, according to the plaintiffs' complaint, that undiscounted charges in hospital liens are unreasonable charges for purposes of the HLA. *West v. Shelby Cty. Healthcare Corp.*, 459 S.W.3d 33, 44-45 (Tenn. 2014).

The newly added defendants filed motions to dismiss on December 8, 2016. Regarding Mr. Franks' claims, Tennova Dyersburg and PASI contended that the claims should be dismissed for failure to state a claim under Rule 12.02(6) of the Tennessee Rules of Civil Procedure. Relating to Ms. Edwards' claims, Tennova Martin and PASI

---

[1] The claim against Ms. Sykes was later settled and is not the subject of this appeal.

[2] The trial court dismissed Mr. Cooke's claims as moot, and he is not a party to this appeal.

[3] The hospital liens are filed pursuant to the Hospital Lien Act ("HLA"). *See* Tenn. Code Ann. § 29-22-102(a) ("In order to perfect such lien, the agent or operator of the hospital . . . shall file in the office of the clerk of the circuit court of the county in which the hospital is located, and in the county wherein the patient resides, if a resident of this state, a verified statement in writing . . . .)

[4] A consumer transaction is defined by the TCPA as "the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated." Tenn. Code Ann. § 47-18-103(19).

argued that the claims should be dismissed either for improper venue pursuant to Rule 12.02(3) or for failure to state a claim under Rule 12.02(6). Tennova Martin and PASI argued that the "gravamen" of Ms. Edwards' complaint was to quash a hospital lien. Therefore, they argued that a specific provision of the HLA controlled the venue of the proceeding.[5] According to PASI and Tennova Martin, venue was improper in Madison County; instead, the proper venue for the action was in Weakley County. Moreover, Tennova Martin and PASI contended that where there is a specific venue provision and a general venue provision in conflict, the specific provision prevails. According to PASI and Tennova Martin, because the HLA provision specifically relates to contesting the reasonableness of hospital liens, it should apply, not the venue provision of the TCPA. The trial court, on June 1, 2017, dismissed all claims brought by Ms. Edwards for improper venue but denied the motion to dismiss for failure to state a claim regarding Mr. Franks.

After the court entered the order dismissing Ms. Edwards' claims for improper venue, the remaining defendants, PASI and Tennova Dyersburg, each filed an answer. Subsequently, on September 7, 2017, the remaining defendants filed a joint Rule 12.03 motion for judgment on the pleadings. The court granted the motion and dismissed the case with prejudice on January 4, 2018. The court stated in its order that the remedy for "[a] person who wants to contest the amount/reasonableness" of a hospital lien is to "file a motion to quash or reduce in the Circuit Court of the county where the lien was perfected" under the HLA. *See* Tenn. Code Ann. § 29-22-102(d) ("Any person desiring to contest such a lien or the reasonableness of the charges thereof may do so by filing a motion to quash or reduce the same in the circuit court of the county in which the lien was perfected, making all other parties in interest respondents thereto."). Because the HLA provided a remedy to contest the reasonableness of Mr. Franks' hospital lien, the trial court found that Mr. Franks failed to state a claim under the TCPA. On January 25, 2018, the plaintiffs filed a motion to alter or amend the judgment, which the court denied. Plaintiffs filed a timely appeal.

## II. ISSUES PRESENTED

Mr. Franks and Ms. Edwards present the following issues on appeal:

1. Whether the trial court erred in finding that Mr. Franks did not state a claim under the Tennessee Consumer Protection Act; and

2. Whether the trial court erred in dismissing Ms. Edwards' claim for improper venue.

---

[5] Under Section 29-22-102(d) of the Tennessee Code, the Hospital Lien Act provides for filing "in the circuit court of the county in which the lien was perfected . . . ." Tenn. Code Ann. § 29-22-102(d).

## III. STANDARD OF REVIEW

Mr. Franks' claim was disposed of by a motion for judgment on the pleadings. When reviewing a trial court's ruling on a motion for judgment on the pleadings, we apply the same standard we do when reviewing a motion to dismiss for failure to state a claim. *Bonner v. Cagle*, No. W2015-01609-COA-R3-CV, 2016 WL 97648, at *3 (Tenn. Ct. App. Jan. 7, 2016) (citing *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Consequently, we review the trial court's decision de novo with no presumption of correctness. *Id.* (citing *Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn. 1997)). "In reviewing a trial court's ruling on a motion for judgment on the pleadings, we must accept as true 'all well-pleaded facts and all reasonable inferences drawn therefrom' alleged by the party opposing the motion." *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn. 2004) (quoting *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991)).

Ms. Edwards' claim was disposed of by a motion to dismiss for improper venue. Proper venue is a question of law. *J. Alexander's Holdings, LLC v. Republic Servs, Inc*., No. M2016-01526-COA-R3-CV, 2017 WL 1969763, at *2 (Tenn. Ct. App. May 12, 2017). Therefore, we review the trial court's ruling de novo with no presumption of correctness. *Id.*

## IV. DISCUSSION

### *A. Whether the HLA is an exclusive remedy*

At the onset, we address whether the HLA provides an exclusive remedy in this case, thereby barring Mr. Franks from asserting a claim under the TCPA. The trial court found that Mr. Franks was required to bring a claim under the HLA to contest the reasonableness of the charges and found that Mr. Franks failed to state a claim under the TCPA.

The HLA provides a remedy for parties wishing to contest the amount the hospital claims to be owed through a hospital lien. The HLA states:

> Any person desiring to contest such a lien or the reasonableness of the charges thereof may do so by filing a motion to quash or reduce the same in the circuit court of the county in which the lien was perfected, making all other parties in interest respondents thereto. Any such motion may be heard in term time or vacation and at such time and place as may be fixed by order of the court.

Tenn. Code Ann. § 29-22-102(d). Nothing in the HLA specifically forecloses the possibility of bringing a claim under the TCPA.

Mr. Franks did not specifically contest the reasonableness of the hospital lien amount; instead, he asserted that the hospital lien violated the TCPA by "[r]epresenting that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law." Tenn. Code Ann. § 47-18-104(b)(12). The scope of the TCPA extends beyond the boundaries of common law fraud actions,[6] providing a private right of action for any "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce." Tenn. Code Ann. §47-18-104(a); *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 925 (Tenn. 1998). The provisions of the TCPA are to be liberally construed. *Myint*, 970 S.W.2d at 926 (citing Tenn. Code Ann. § 47-18-102). Moreover, "[t]he powers and remedies provided in [the TCPA are] cumulative and supplementary to all other powers and remedies otherwise provided by law." Tenn. Code Ann. § 47-18-112. In addition, the TCPA lists specific businesses and transactions that are excluded from coverage under its broad reach. *Myint*, 970 S.W.2d at 925. If a business or transaction is not specifically listed as an exemption, the TCPA potentially applies. *Johnson*, 217 S.W.3d at 421 ("The Act applies to all unfair or deceptive acts or practices affecting trade or commerce that do not fit within one of the exceptions in Tenn. Code Ann. § 47-18-111.") The TCPA provides the following exemptions:

> (1) Acts or transactions required or specifically authorized under the laws administered by, or rules and regulations promulgated by, any regulatory bodies or officers acting under the authority of this state or of the United States;
>
> (2) A publisher, broadcaster, or other person principally engaged in the preparation or dissemination of information or the reproduction of printed or pictorial matter, who has prepared or disseminated such information or matter on behalf of others without notification from the division that the information or matter violates or is being used as a means to violate this part;
>
> (3) Credit terms of a transaction which may be otherwise subject to this part, except insofar as the Tennessee Equal Consumer Credit Act of 1974, compiled in part 8 of this chapter may be applicable; [and]
>
> (4) A retailer who has in good faith engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that such claims violated this part.

Tenn. Code Ann. §47-18-111.

---

[6] *Johnson v. John Hancock Funds*, 217 S.W.3d 414, 420-21 (Tenn. Ct. App. 2006) (citing *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005)).

Neither hospitals nor the filing of hospital liens are listed under the exemptions to the TCPA. Therefore, the TCPA may apply, "assuming the act or practice in question falls within the scope of its application[,]" as the TCPA's broad provisions are supplementary to other "remedies otherwise provided by law" and nothing in the language of the HLA prohibits the TCPA's application. *Myint*, 970 S.W.2d at 926. Therefore, we conclude that the HLA does not prohibit Mr. Franks from bringing a claim under the TCPA.

## B. Consumer Transaction

Next, Mr. Franks argues that the filing of the hospital lien constitutes a consumer transaction, as defined in the TCPA. The TCPA defines a consumer transaction as "the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated." Tenn. Code Ann. § 47-18-103(19). Tennova Dyersburg and PASI counter that the filing of a hospital lien does not meet the definition of a consumer transaction because hospital liens constitute a collection activity.

"The parameters of the [TCPA] . . . do not extend to every action of every business in the State. The terms 'trade or commerce' are specifically defined to limit the Act's application." *Pursell v. First Am. Nat. Bank*, 937 S.W.2d 838, 841 (Tenn. 1996). We conclude, even assuming the actions of Tennova Dyersburg and PASI were unfair or deceptive, their actions did not affect "the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated." Tenn. Code Ann. §47-18-103(19).

Tennessee courts and federal courts both have held that various collection activities do not fall within the scope of the TCPA. *See King v. Bank of N.Y. Mellon,* No. 15-2432-STA-dkv, 2015 WL 7575024, at *5 (W.D. Tenn. Oct. 13, 2015) (concluding that "to the extent the Plaintiffs' TCPA claim is based upon alleged deceptive conduct in the debt collection and foreclosure process, it fails as a matter of law"); *Peoples v. Bank of Am.,* No. 11-2863-STA, 2012 WL 601777, at *9 (W.D. Tenn. Feb. 12, 2012) (holding that "Plaintiff [] failed to state a claim under the TCPA for the manner in which Defendants negotiated the loan modification or forbearance agreement"); *Wright v. Linebarger Googan Blair & Sampson, LLP,* 782 F.Supp.2d 593, 609 (W.D. Tenn. 2011) (characterizing a notice of tax lien as a collection activity and concluding that the plaintiff failed to state a claim under the TCPA); *Hunter v. Washington Mut. Bank,* No. 2:08-CV-069, 2008 WL 4206604, at *6 (E.D. Tenn. Sept. 10, 2008) (finding that the plaintiff failed to state a claim under section 47-18-104(b)(12) regarding foreclosure and debt collection activities); *Pursell,* 937 S.W.2d at 842 (holding that the definitions of trade, commerce, or consumer transactions did not extend to "repossession of [] collateral

securing [a] loan."); *Paczko v. SunTrust Mortgages, Inc.,* No. M2011-02528-COA-R3-CV, 2012 WL 4450896, at *2 (Tenn. Ct. App. Sept. 25, 2012) ("find[ing] no error with [the decision of the trial court] because the TCPA does not apply to allegedly deceptive conduct in foreclosure proceedings").  Much like foreclosure proceedings or the repossession of collateral, the filing of a lien is a collection activity.  *See Wright,* 782 F.Supp.2d at 609 (labeling the filing of a notice of tax lien as a collection activity); *Howard v. U.S.,* 566 S.W.2d 521, 527 (Tenn. 1978) (describing the filing of a tax lien as a remedy for the collection of federal taxes); *Tax Delinquencies*; TN Dep't of Revenue (Nov. 15, 2018, 3:10 PM), https://www.tn.gov/revenue/tax-resources/compliance-information/tax-delinquencies.html (outlining that "[t]he Collections Services Division may . . . file a tax lien to protect the state's interest" as the third step of the Tennessee Department of Revenue's "collection activity procedure"). Further, the Tennessee Supreme Court in *West v. Shelby County Healthcare Corp.* referred to hospital liens as part of a hospital's "collection practices" and "collection efforts[,]" further indicating that the hospital liens at issue in this case are a collection activity.  *See West v. Shelby Cty. Healthcare Corp.,* 459 S.W.3d 33, 37, 40 (Tenn. 2014) (stating "[w]e begin with a general description of the billing and *collection practices* at issue in this case" and "while these *collection efforts* are proceeding, the [hospital] also bills the patient's insurance company for the medical services") (emphasis added).

"The TCPA does not reach debt collection activity unless the activity stems from an underlying transaction that constitutes" a consumer transaction.  *Wright,* 782 F.Supp.2d at 609.  Therefore, because a hospital lien constitutes a collection activity, the underlying transaction must constitute a consumer transaction in order to be covered by the TCPA.

Mr. Franks contends that this case is analogous to *Searle v. Harrah's Entertainment, Inc.*, a case in which the court held that the underlying transaction of a collection activity constituted a consumer transaction.  We disagree.  In *Searle*, the plaintiff was given cash to gamble at the defendant's casino in exchange for a $500 check.  *Searle v. Harrah's Entm't, Inc.*, No. M2009-02045-COA-R3-CV, 2010 WL 3928632, at *11 (Tenn. Ct. App. Oct. 6, 2011).  The check was dishonored on the defendant's first attempt to cash it due to insufficient funds in the plaintiff's bank account; however, on the second attempt, the check cleared.  *Id.* at *1.  Nevertheless, the plaintiff received threatening phone calls and letters from the defendant after the check cleared until the plaintiff drove to the casino and settled the debt*.  Id.*  This Court held that the transaction and resulting debt collection fell within the scope of the TCPA.  *Id.* at *11.  In so holding, the court distinguished the case from *Pursell.  Id.*  The court noted that the bank's efforts to repossess collateral in *Pursell* did not meet the definition of a consumer transaction*, as "Pursell's* allegations . . . establish[] only that the defendants breached an agreement to return to him his own property."  *Id.*  Conversely, in *Searle*, there was a continuation of the underlying consumer transaction (i.e. gambling at the casino). *Searle,* 2010 WL 3928632, at *11.  The court stated:

- 7 -

The transaction at issue here, however, clearly involves trade, commerce, and a consumer transaction. Mr. Searle went to Harrah's casino to gamble, which is Harrah's trade, and Harrah's provided cash to Mr. Searle, in exchange for his $500 check, so that Mr. Searle could engage in Harrah's trade-to gamble in Harrah's casino. The efforts of Harrah's to collect the erroneous debt was a continuation of the consumer transaction.

*Id.*

However, unlike in *Searle*, the underlying transaction in the present case does not fall within the purview of the TCPA, as professionals acting in their professional, nonbusiness capacity are not covered by the TCPA. *See Pagliara v. Johnston Barton Proctor and Rose, LLP*, 708 F.3d 813, 819-20 (6th Cir. 2013); *Constant v. Wyeth,* 352 F.Supp.2d 847, 854 (W.D. Tenn. 2003) ("[t]he actual practice of medicine does not affect trade or commerce"); *Faerber v. Troutman & Troutman, P.C.,* No. E2016-01378-COA-R3-CV, 2017 WL 2691264, at *3 (Tenn. Ct. App. June 22, 2017), *perm. app. denied,* (Tenn. Nov. 16, 2017) (stating that the TCPA "does not apply '[w]hen professionals like lawyers and doctors practice their professions outside their roles as businessmen or entrepreneurs' because they are 'not engag[ed] in trade or commerce' within the meaning of the Act.") (quoting *Wright,* 782 F.Supp.2d at 608.) Here, the underlying transaction— the treatment of Mr. Frank's injuries from a motor vehicle accident—epitomizes a doctor's practice of their profession. Mr. Franks was treated at the hospital and prescribed medicine for his injury, both of which fall squarely into a doctor's professional practice. Because the hospital lien is a collection activity and the underlying transaction is not covered by the TCPA, we conclude that the filing of the hospital lien is not a consumer transaction. Any attempt to fit the actions of PASI and Tennova Dyersburg into the definition of consumer transactions would expand the statute's intended meaning or application. "We cannot force a construction of the statute that limits or extends its application." *SecurAmerica Bus. Credit v. Southland Trans. Co.*, No. W2015-00391-COA-R3-CV, 2016 WL 1292087, at *6 (Tenn. Ct. App. Apr. 1, 2016) (citing *Eastman Chem. Co. v. Jackson*, 151 S.W.3d 503, 507 (Tenn. 2004)). While the definition of consumer transactions is broad, it does not extend to the present case. Therefore, we affirm the trial court's order as modified to reflect that the HLA is not an exclusive remedy but that the present case does not meet the definition of consumer transaction and remand for further proceedings.

### C. Proper Venue of Ms. Edwards' claim

Finally, Ms. Edwards argues that the trial court erred in determining that venue was improper with respect to her claim under the TCPA. The trial court found that venue was improper in Madison County and that the proper venue was Weakley County—the county where the lien was perfected.

"In determining venue, regardless of the allegations, 'we must view the lawsuit in light of what it really is.'" *Nickell, Inc. v. Psillas,* No. M2004-02975-COA-R3-CV, 2006 WL 1865018, at *9 (Tenn. Ct. App. June 30, 2006) (quoting *Mid-South Milling Co. v. Loret Farms, Inc.,* 521 S.W.2d 586, 588 (Tenn. 1975)). Under the HLA, a motion to quash or reduce must be filed in the county where the lien was perfected, which, in this instance, is Weakley County. Tenn. Code Ann. § 29-22-102(d). However, Ms. Edwards did not bring a claim under the HLA; instead, Ms. Edwards alleged that PASI and Tennova Martin violated the TCPA. Therefore, we analyze venue under the TCPA to determine whether venue was proper. Section 47-18-109(a)(2) of the Tennessee Code provides:

> The action may be brought in a court of competent jurisdiction in the county where the alleged unfair or deceptive act or practice took place, is taking place, or is about to take place, or in the county in which such person resides, has such person's principal place of business, conducts, transacts, or has transacted business, or, if the person cannot be found in any of the foregoing locations, in the county in which such person can be found.

Tenn. Code Ann. § 47-18-109(a)(2).[7]

In this case, first, the allegedly "unfair or deceptive act" did not occur in Madison County. The allegedly deceptive hospital lien was perfected in Weakley County. Moreover, neither PASI nor Tennova Martin has a principal place of business in Madison County, so the second avenue provided by the statute does not apply either. Therefore, in order to have proper venue, PASI and Tennova Martin must conduct, transact, or have transacted business in Madison County.

In this instance, PASI clearly transacts business in Madison County, as PASI perfected a notice of hospital lien in the Madison County Circuit Court with respect to another plaintiff in this case, Mr. Cooke. Where venue is proper for one material defendant, "'venue is proper as to all properly joined defendants, even if venue would not be proper as to the other defendants if sued individually.'" *Mills v. Wong,* 39 S.W.3d 188, 190 (Tenn. Ct. App. 2000) (quoting Lawrence A. Pivnick, *Tennessee Circuit Court Practice* § 6-2 (1999)). Therefore, assuming joinder was proper, venue is proper for Tennova Martin as well, despite the lack of evidence in the record to suggest Tennova

---

[7] "Such person" refers to the defendant in a TCPA action. *See Netherland v. Hunter*, 133 S.W.3d 614, 616 (Tenn. Ct. App. 2003) (determining venue was proper under the TCPA because the defendant resided in the county in which the action was brought). Moreover, corporations are considered a person for purposes of the Act. *See ATS Se., Inc. v. Carrier Corp.*, 18 S.W.3d 626, 630 (Tenn. 2000) ("The language of Tenn. Code Ann. § 47–18–109(a) and Tenn. Code Ann. § 47–18–103(7) is clear and unambiguous. Read together, the two statutes indicate that corporations (and other entities included within the Act's definition of a "person") have standing to bring a private cause of action for treble damages under the Tennessee Consumer Protection Act.").

Martin transacted business in Madison County. Therefore, the judgment of the trial court is reversed with respect to venue, but the trial court should, on remand, dismiss Ms. Edwards' action for failure to state a claim under the TCPA.

## V. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed in part as modified, reversed in part, and remanded. Costs of this appeal are taxed to the appellants, Roy Franks and Cindy Edwards, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE